## Scott v. Turner *et al.*[*]

(Division B. Jan. 3, 1925.)

[102 So. 467. No. 24351].

1. Wills. *Child born within ten months after testator's death, or after time devisees must be living to take under will, takes under will; "in esse."*

A child born within ten months after the death of a testator, or within ten months after the time the devisees must be living to take under a will, is in contemplation of law *"in esse"* and takes under the will.

2. Perpetuities. *Devise to succession of donees then living, three in number, is void.*

The second part of section 2765, Code of 1906, section 2269, Hemingway's Code, provides that any person may make a conveyance or a devise of lands to a succession of donees then living not exceeding two, etc. Under this section a devise of lands to a succession of donees, three in number, is void.

3. Perpetuities. *Wills. Will construed according to intention of testator; statute applied to construction of will according to intent.*

A will is to be construed by the court in accordance with the intention of the testator. After so construed, the above section of the Code is to be applied to this construction to see whether or not this section is violated.

4. Wills. *Effect of statute avoiding future interests on prior interests, stated.*

If future interests created by a will are avoided because of the above-named statute, the prior interests become what they would have been had the limitation of the future estates been omitted from the will.

5. WILLS. *Devise held absolute gift in fee upon elimination of invalid gifts over.*

Under the item of the will now being construed, eliminating the limitations and qualifications which are too remote because violative of this statute, it is *held*, that there was an absolute gift in fee to the childless children living at the end of the twenty-year period when the estate was to be distributed. .

6. PERPETUITIES. *Devise held illegal as providing for succession of more than two donees.*

Item 3 of this will is construed as violating the above statute because there was a succession of three donees therein provided for.

---

*Headnotes 1. Wills, 40 Cyc., p. 1480; 2. Perpetuities, 30 Cyc., p. 1522; 3. Wills, 40 Cyc., p. 1386; Perpetuities, 30 Cyc., p. 1522; 4. Wills, 40 Cyc., p. 1955; 5. Wills, 40 Cyc., p. 1955; Perpetuities, 30 Cyc., p. 1522.

APPEAL from chancery court of Tunica county.

HON. C. L. LOMAX, Chancellor.

Action between C. M. Scott, executor, etc., and Mrs. Mittie L. Turner and others. From decree for the latter, the former appeals. Reversed and remanded.

*Holmes & Canale* and *Dulaney & Jacquess,* for appellants.

1. Even if the chancellor were correct in holding that the childless children took only a life estate, then they could not be made to give security for funds distributed to them, because: (a) The will provides that they shall "participate" in the devise, and shall "receive" the share which comes to them; (b) the testator indicated no intention that security should be required; (c) the record does not show that the childless children are insolvent, or that the money will be squandered, but, on the contrary, shows that one of the childless children, C. M. Scott, has been acting as executor without bond

and has accumulated the fund. *Martin* v. *Martin*, 69 Miss. 315, 13 So. 267; *Hill* v. *Godwin*, 114 Miss. 324, 75 So. 132; Note 14 L. R. A. 1066-1073.

2. Where there is a devise to one with executory devise over, if the first taker dies without issue surviving, then the first taker has a determinable fee. *John B. Halsey et al.* v. *James J. Gee et al.*, 79 Miss. 193; *Armstrong et al.* v. *Thomas et al.*, 112 Miss. 272; 1 Underhill on the Law of Wills, sec. 468, p. 622; *Peter Anderson* v. *United Realty Co.*, 51 L. R. A. (N. S.) 477, 79 Ohio 23, 86 N. E. 644; *Middlesex Banking Co.* v. *Field*, 84 Miss. 657; *Brattle Square Church* v. *Grant* (Mass.), 63 Amer. Dec. 725, (3 Gray 142); 2 Underhill on the Law of Wills, secs. 845-846, p. 1272, et seq.; *Busby* v. *Rhodes*, 58 Miss. 237; *Smith et al.* v. *Muse et al.* (Miss.), 98 So. 436.

3. The rule against perpetuities is not a rule of construction, but a peremptory command of law. It is not like a rule of construction, a test more or less artificial to determine intention. Its object is to defeat intention; therefore, every provision in a will or settlement is to be construed as if the rule did not exist, and then to the provision so construed the rule is to be remorselessly applied. *Henry* v. *Henderson*, 103 Miss. 69; Rule Against Perpetuities, by Gray (3 Ed.), sec. 629, p. 497; 2 Alexander on Wills, sec. 1163, p. 1677.

4. The testator had four childless children when he died. He gave to each of them a determinable fee, conditioned upon their being alive at the end of twenty years without issue. Three of his children are living at the end of twenty years without issue. The childless children take under the will, each from the other, an undivided interest in the determinable fee which each has. There is a succession of living donees exceeding two. The will in this case is an express violation of section 2765, Code of 1906 (Hem. Code, sec. 2269). This case is absolutely ruled by: *Hudson* v. *Gray*, 58 Miss.

882;  *Smith et al.* v. *Muse, et al., supra.*

5.  When there is a good absolute gift and the testator goes on, in an additional clause, to modify the gift, and by modifying it, makes it, in part, too remote, the modification is rejected *in toto,* and the original gift stands.  So that each of the childless children of the testator in this case takes a fee simple absolute.  Rule Against Perpetuities, by Gray (3 Ed), sec. 423, p. 370; *Smith et al.* v. *Muse et al., supra; Nicholson* v. *Fields,* 111 Miss. 639.

6.  The will in the case at bar further violates the Two Donee Statute because there are executory devises to persons not in being at the death of the testator, or at the end of twenty years, and such persons are not heirs of the body of the last remainderman, and neither are they right heirs of the donor.  In a word, grandchildren of the testator, or their children, or children's children (all then and now may be unborn), might take an interest in the limitation over from a childless child of the testator dying without issue.  Such a limitation over is therefore void.  *Davenport* v. *Collins,* 95 Miss. 370;  *Nicholson* v. *Field, supra; Smith* v. *Muse, supra.*

7.  A gift over on conditional limitation to a class of persons, some of whom are not in existence, being void as to those not in existence when the devise goes into effect, is then void *in toto* as to the whole class. *Caldwell* v. *Willis,* 57 Miss. 574; Rule Against Perpetuities, by Gray (3 Ed.), sec. 373, p. 333; 1 Jarmon on Wills, 533; 2 Washburn on Real Property (6 Ed.), 680.

8.  In this case, the executory devises over being void, for the reasons stated, the first taker gets the fee simple absolute, or else the Third Item of the will is void *in toto.  Gully* v. *Neville* (Miss.), 55 So. 289.

*Edgar Webster, T. K. Riddick* and *E. B. Carter,* for appellees.

The one fundamental rule governing the construction of a will is to ascertain what the intent of the testator was. And in order to ascertain the intent, words of limitation shall operate as words of purchase; implication, shall supply verbal omissions; the letter shall give way to the spirit; and inaccuracies of grammar and impropriety of terms shall be corrected by the general meaning, if that be clear and manifest. *Ball* v. *Phelan,* 94 Miss. 293, 49 So. 956; *Inglis* v. *Trustees of the Sailors Snug Harbor* (Sup. U. S.), 7 L. Ed. (U. S.) 617 (624); *Gordon* v. *McDougall,* 84 Miss. 715, 37 So. 298; *Hale* v. *Nelson,* 72 So. 1012.

A limitation conferred upon the death of the first taker is an indication of an intention that the first taker shall have a life estate only. 17 R. C. L., Life Estate, par. 11; *Busby* v. *Busby,* 1 U. S. (L. Ed.) —; *Giles* v. *Little,* 26 U. S. (L. Ed.) 745; *Pate* v. *Bushang,* 69 N. E. 291, 100 Amer. St. Rep. 287; *Clark* v. *Mack,* 126 N. W. 632, 28 L. R. A. (N. S.) 479; *Mee* v. *Gordon,* 80 N. E. 353, 10 Ann. Cas. 172.

The law favors a vesting of estates, and an estate will not be held to be contingent unless very decided terms are used in the will, or unless it is necessary to hold in order to carry out the other provisions of the will. 28 R. C. L., Wills, par. 192; *Tatham's Estate,* 95 Atl. 520; 1917A. Ann. Cas. 855; *Schlater* v. *Lee,* 78 So. 700; *Harris* v. *McLoran,* 30 Miss. 533; *McDaniel* v. *Allen,* 64 Miss. 417, 1 So. 356.

A bequest or devise may be made by mere implication and a devise over in case the devisee should die, "without leaving a family," or "without heirs," or "without a child," is an implied devise to such family, heir or child, if there are other words in the will which indicate that the testator had in mind to bestow an interest on these persons. *Ball* v. *Phelan, supra; Beilstein* v. *Beilstein,* 45 Atl. 73, 75 Amer. St. Rep. 692; *Boston Safe Deposit & T. Co.* v. *Coffin,* 25 N. E. 30, 8 L. R. A.

740; *Moon* v. *Stewart*, 10 N. E. 344, 45 L. R. A. (N. S.) 48; *Masterson* v. *Townsend*, 24 N. E. 928, 10 L. R. A. 816; *Conner* v. *Gardner*, 82 N. E. 640, 15 L. R. A. (N. S.) 73.

General expressions apparently giving the tenant for life a limited power over the estate must be regarded as referring only to the disposition of the life interest. And in order to authorize the life tenant to dispose of the inheritance and cut off the interest of the devisee, the language must be definite, clear and specific. 23 R. C. L., Remainders, 6; 7 Ann. Cas. Note 955; *Greves* v. *Comery*, 28 N. W. 564; *Whittmore* v. *Russell*, 14 Atl. 19; *McDaniel* v. *Allen*, 64 Miss. 417, 1 So. 356.

Unless so authorized by specific language and precise and clear words, the life tenant must not commit waste, destroy timber, or cut wood for commercial purposes. 17 R. C. L., par. 23, p. 534; *Learned* v. *Ogden*, 80 Miss. 769, 32 So. 278, 92 Am. St. Rep. 621, 21 A. L. R., p. 1011; *Board of Supervisors* v. *Gans*, 80 Miss. 76, 31 So. 539; *Mosspoint Lbr. Co.* v. *Board of Supervisors*, 89 Miss. 448, 42 So. 290.

If a will is susceptible of two reasonable constructions, one valid and the other invalid, the court must adopt the former. *Henry* v. *Henderson*, 101 Miss. 751, 58 So. 354.

A will which devises to the first taker a defeasible fee, but the testator attempts thereafter to cut down this fee and pass the estate through two descendants after the first taker, and thereby control the vesting of same, violates the two-donee statute. *Smith* v. *Muse*, 98 So. 436; *Hudson* v. *Gray*, 58 Miss. 882.

Even though a limitation over in a will may be void under the two-donee statute, yet if that limitation can be struck down and the ulterior limitees cut off without doing violence to the intent of the testator, as expressed in the will, the court will, nevertheless declare the will valid. *Caldwell* v. *Willis*, 57 Miss. 55; *Gully* v. *Neville*, 55 So. 289.

Unless the testator relieves the life tenant of making bond, he should make a bond to guarantee to the remainderman the prompt payment at his death of the _corpus_ of the funds turned over to him. _Martin_ v. _Martin,_ 69 Miss. 318; 17 R. C. L., Life Estates, par. 17, p. 626; _Payne_ v. _Robinson,_ 26 App. Cas. (D. C.) 293; 6 Ann. Cas. 784; _Scott_ v. _Scott,_ 126 Am. St. Rep. 277, 23 L. R. A. (N. S.) 716; _Whitemore_ v. _Russell,_ 6 Am. St. Rep. 200; _Graham_ v. _Whitridge,_ 57 Atl. 609, 66 L. R. A. 408; _Field_ v. _Hitchcock,_ 28 Am. Dec. 288; _Healey_ v. _Toppan,_ 86 Am. Dec. 159; _Smith_ v. _Ostrand,_ 64 N. Y. 278; _Kinnard_ v. _Kinnard,_ 5 Watts 108 (Tenn.); _Roach_ v. _Dabney,_ 11 S. W. 661 (Ky.); _In re McDougall,_ 35 N. E. 961 (N. Y.); _McKee_ v. _McKee,_ 82 S. W. 451 (Ky.); _Tapley_ v. _Douglass,_ 94 Atl. 486 (Mo.); _Barmore_ v. _Gilbert,_ 106 S. E. 269.

_Norman M. Byers, Wm. Swift,_ and _W. W. Bond,_ for appellees.

1. A life tenant is not entitled to possession of the principal sum unless the will discloses an intention on the part of the testator to that effect. 2 Alexander's Commentaries on Wills, secs. 978-979, p. 1420; 17 R. C. L., Life Estates, par. 17, p. 626 and authorities there cited; _Payne_ v. _Robinson,_ 26 App. Cas. (D. C.) 283, 6 Ann Cas. 784, and authorities listed in note at conclusion of opinion; _Scott_ v. _Scott,_ 128 Am. St. Rep. 277, 23 L. R. A. (N. S.) 716; _Whittemore_ v. _Russell,_ 6 Am. St. Rep. 200; _Graham_ v. _Whitridge,_ 57 Atl. 609, 66 L. R. A. 408; _Field_ v. _Hitchcock,_ 28 Am. Dec. 288; _Healey_ v. _Toppan,_ 86 Am. Dec. 159; _Smith_ v. _Van Ostrand,_ 64 N. Y. 278; _Kinnard_ v. _Kinnard,_ 5 Watts, 108 (Penn.); _Roach_ v. _Dabney,_ 11 S. W. 661 (Ky.); _In re McDougall,_ 35 N. E. 961 (N. Y.) _McKee_ v. _McKee,_ 82 S. W. 451 (Ky.); _Tapley_ v. _Douglass,_ 94 Atl. 486 (Me.); _Barmore_ v. _Gilbert,_ 106 S. E. 269.

2.  Mississippi recognizes the general rule announced in the foregoing authorities, and requires security of the legatee for life, unless an intention of the testator to pass the bequest itself without security, be found from the will under consideration.  It is very clear that John Milton Scott, the testator, intended, for reasons set out in the argument, that security should be required.  *Martin* v. *Martin,* 69 Miss. 315, 13 So. 267; *Hill* v. *Godwin,* 114 Miss. 324, 75 So. 132.

3.  Where there is a devise to one, and if he die without leaving issue, then over, and no provision is made for issue in case there is issue, a gift by implication will be raised in the issue, if there are matters and circumstances which show that the testator so intended, in which event the first taker would take a life estate, although not necessarily given him in express terms by the will.  *Ball* v. *Phelan,* 94 Miss. 293, and cases commented upon therein; *Elred* v. *Shaw,* 112 Mich. 237, 70 N. W. 545; *Nowland* v. *Welch,* 88 Md. 48, 40 Atl. 875; *Tyson* v. *Blake,* 22 N. Y. 558; *Close* v. *Farmers Loan & T. Co.,* 195 N. Y. 92, 87 N. E. 1005, affirming 121 App. Div. 528; 106 N. Y. Supp. 329; *Wetter* v. *Press Co.,* 75 Ga. 540; *In re Donges' Estate,* 103 Wis. 497, 79 N. W. 787, 74 Am. St. Rep. 885; *Kinsella* v. *Caffrey,* 11 Ir. Ch. Rep. 154; *In re Vowers,* 113 N. Y. 569, 21 N. E. 690; *Aspy* v. *Lewis,* 152 Ind. 594, 52 N. E. 756; *In re Blake,* 157 Cal. 448, 108 Pac. 287.

4.  Courts, in construing wills, will lay hold of slight circumstances to raise a gift in the children, to avoid imputing to the testator the extraordinary intention of giving the property to the devise over, and leaving the issue of a tenant for life unprovided for.  *Ball* v. *Phelan, supra; In re Blake, supra;* Underhill on Wills, sec. 468.

5.  A will must be construed as a whole.  *Selig* v. *Trost,* (Miss.) 70 So. 699; *Hale* v. *Neilson,* 112 Miss. 291.

6.  Where denial of a gift by implication will bring about an inequality of distribution among those whom the

testator, by his scheme of distribution, appears to have intended to take equally, these circumstances will be taken into consideration and used by courts in raising a gift in the issue. *In re Blake, supra; Burch* v. *Burch,* 20 Ga. 834; *Love* v. *Walker,* 59 Ore. 95, 115 Pac. 296; *Ball* v. *Phelan, supra; Conrad* v. *Quinn,* 111 Va. 607, 69 S. E. 952.

7. The will in the case at bar does not violate the "Two Donee Statute" because there are only two donees, or classes of donees, the first class of donees being the childless children and the second class being the grandchildren of the testator. The gift to the childless children is a life estate during the life of the longest of the three to live. *Redmond* v. *Redmond,* 104 Miss. 512, 61 So. 552; *Henry* v. *Henderson,* 103 Miss. 48, 60 So. 33.

8. It is necessary that there must be an absolute gift, not a life estate, independent of the modifications, in order for the rule of rejecting remote modifications to apply. Rule Against Perpetuities, by Gray (3 Ed.), sec. 431, p. 376, and authorities there cited.

9. A construction should be adopted which will carry into effect the manifest intent of the testator that his Mississippi lands were intended principally and primarily for his grandchildren. 2 Schouler on Wills, sec. 893, p. 1025, and cases there cited.

10. Appellants should not be permitted to challenge the validity of the will, after having operated and received benefits under it for more than twenty years. *Boyer et al.* v. *Decker,* 5 N. Y. App. Div. 623, 40 N. Y. Supp. 469.

Argued orally by *J. W. Dulaney* and *J. E. Holmes,* for appellant, and *W. W. Swift, W. W. Bond, Edgar Webster,* and *T. K. Riddick,* for appellee.

Sykes, P. J., delivered the opinion of the court.

John Milton Scott, a resident of Shelby county, Tenn., in 1902 made and executed his last will and testament

and died a few days thereafter. In this case we are called upon to construe item 3 of this will, which is as follows:

"I have some notes secured by mortgages and also some other notes and accounts due me by various parties. I wish my executors to collect these as soon as they can without causing too great distress or embarrassment to my debtors, and I give my executors authority to grant these debtors reasonable indulgence if in their opinion it can be done without endangering the debts.

"I also direct my said executors to rent out my lands in Tunica county, Mississippi, and out of these rents pay my wife five hundred dollars annually on the 1st day of December of each year so long as she lives.

"The balance of said rents after payment of taxes, and necessary repairs and expenses, and all amounts collected from my notes and accounts, after the payment of my debts and the expenses of administering my estate, I direct my executors to invest in lands taking title to themselves as trustees of my estate. I recommend to them that these investments be made in lands near mine in Mississippi, but want them left free to use their own judgment as to such investments.

"I want my Mississippi lands and all lands bought by them held until twenty years after my death and at the end of that period I direct that all such lands and all monies then on hand arising from rents of said lands be disposed of as follows:

"If all my children shall be living at that time, or if any that may have died should have left children or grandchildren surviving them, I want all these lands and monies then belonging to my estate divided into six (6) equal shares and one of said shares given to the children of each of my children or descendants of such children, each family of children taking an equal interest without regard to their number. And the representatives of each

of my six children taking an equal one-sixth interest in my estate then on hand. However if when this division is made, some of my six children then living have no children, these are to receive the share which would go to their children, if any, subject however to the restrictions and qualifications hereinafter stated.

"If by that time, any of my children shall have died leaving no issue, then the number of shares into which my property then on hand is to be divided is to be reduced proportionately, my wish and desire being that the share and interest of such child or children so dying without issue shall revert to my estate, and be disposed of as hereinbefore directed in the present item.

"Likewise if any of my children should die after the above-ordered division is made, leaving no issue at their death, then and in that event, I wish and direct that the shares and interest of such children so dying without issue in the property mentioned in this item shall also revert to my estate and go to the children of their sisters and brothers or to such sisters and brothers themselves if any such have no children to be held by such childless brothers and sisters subject to executory devise in favor of my descendants in the event of their dying without issue.

"I want it clearly understood that this division directed to be made twenty years after my death is intended principally and primarily for the benefit of my grandchildren, and none of my children can participate therein except such as have no children and these only to the extent of taking their share and interest subject to an executory devise in favor of any descendant in the event of their dying without issue at their death."

In item 2 he had devised and bequeathed certain property to his children. At the time of the death of the testator he had living four childless children. At the end of the twenty-year period after his death he had living three childless children.

One of the testator's children, Dr. Glen Scott, had born to him a son within nine months after the twenty-year period expired. We are therefore called upon to decide whether or not this son, John Milton Scott, was devised an undivided one-sixth interest in fee by this item of the will. Under the authority of *Harper* v. *Archer,* 4 Smedes & M. 99, 43 Am. Dec. 472, John Milton Scott, grandson of testator, was *in esse* at the end of the twenty-year period and therefore entitled to an undivided one-sixth interest in fee in the estate devised in this item of the will. It was so held by the learned chancellor in the court below.

The three childless children at the end of the twenty year period are C. M. Scott, Malvina Scott, and Mrs. Laura Strickland. The other children of the testator had children living at the end of the twenty-year period, and the chancellor correctly held that these grandchildren of the testator under the will were devised an undivided one-sixth interest *per stirpes* in this estate. There is no controversy as to the interest devised these grandchildren. The controversy here is about what interest was devised the above-named three childless children under item 3 of this will.

Briefly stated, it is the contention of the appellee that under this item of the will these three childless children were devised life estates for the life of the longest liver with remainder over to their children, or if they were still childless at the time of their death to the other grandchildren of the testator or their descendants. For this contention reliance is principally had upon the case of *Redmond* v. *Redmond,* 104 Miss. 512, 61 So. 552.

It is the contention of the appellant that the three childless children are devised a fee determinable on the birth of issue to them, or at their death, with a one-sixth similar fee of this estate to the childless children living at the time of the death of the first childless child, and with a similar devise to the third and sole remaining childless child at the time of the death of the second childless child.

Or in other words, that there is a succession of donees
exceeding two, namely, three donees, at the end of the
twenty-year period, which violates section 2765, Code of
1906, section 2269, Hemingway's Code, commonly known
as the two donee statute. The learned chancellor held
that this item of the will did not violate the statute, and
that these three childless children were devised life es-
tates by this item of the will. In the hands of the execu-
tor uninvested in real property at the time this suit was
filed was about twenty-five thousand dollars, which the
court correctly treated as real property because the exec-
utor under this item of the will was ordered to invest this
money in real property.

We have examined with great care and with a great
deal of interest the very able briefs of learned counsel
in this cause. It is, of course, axiomatic that the court
should be controlled in construing the will by the inten-
tion of the testator which should be gathered from the
entire will, and that effect should be given to this inten-
tion if not violative of the law.

In this item the testator says that it is made primarily
for the benefit of his grandchildren, and that none of his
children can participate except such as have no children,
and those only to the extent of taking their share and in-
terest subject to the executory devisees. It is therefore
plain that the primary intent of item 3 of this will was
to provide for his grandchildren. The secondary intent
is to provide for the childless children at the end of the
twenty-year period. This item provides that these lands
and moneys at the end of the twenty-year period pro-
vided all of his children are living, which was the case,
be divided into six equal shares, and one of said shares
given to the children of each of my children or descend-
ants of such children; each family of children taking
equal interest without regard to their number. This
clause is perfectly plain. It means that the grandchildren
*in esse* at the end of the twenty-year period take *per*

*stirpes* an undivided one-sixth interest in fee in this es-
tate. It is then provided that if "some of my six chil-
dren then living have no children, these are to receive
the share which would go to their children, if any, sub-
ject however to the restrictions and qualifications here-
inafter stated." This item is also perfectly plain. Name-
ly, that the childless children are to receive the share
that would have gone to their children at this time if
they had any, subject to the restrictions and qualifica-
tions thereafter stated. By this clause the childless chil-
dren are give a fee in apt language, not a life estate;
without the qualifications and restrictions it would be a
fee-simple absolute title; when considered with the qual-
ification, it is a fee determinable either upon the birth of
issue to a childless child or upon the death of a childless
child. The testator disposes of the property devised to
a childless child as follows:

"Likewise if any of my children should die after the
above-ordered division is made, leaving no issue at their
death, then and in that event, I wish and direct that the
shares and interest of such children so dying without is-
sue in the property mentioned in this item shall also re-
vert to my estate and go to the children of their sisters
and brothers or to such sisters and brothers themselves
if any such have no children to be held by such childless
brothers and sisters subject to the executory devise in
favor of my descendants in the event of their dying with-
out issue."

The chancellor construed this item to mean that upon
the death of the first childless child one-fifth of the prop-
erty devised to him went in fee to each of said grand-
children *per stirpes*. One-fifth went to each of the two
surviving childless children, who held it for life subject
to the executory devises to the grandchildren and their
descendants, and upon the death of the second childless
child one-fourth of his estate went to each of the repre-
sentative branches of the grandchildren *per stirpes* and

one-fourth to the sole remaining childless child to be held by him for life. It is contended by the appellee that another reaonable construction of it would be to hold that a childless child was not devised any interest in the estate upon the death of a childless child, because the disjunctive conjunction "or" was used, which makes this clause of the will mean that upon the death of a childless child the property devised to him goes solely to the children of the sisters and brothers, and that it is only in case there be no children of any of the sisters and brothers that the childless children would participate in this devise. The testator meant for the childless children to participate in the estate of a childless child.

It is our duty to first construe the will according to the intention of the testator, and then to see whether or not this construction violates the rule against perpetuities, or what is commonly termed the two-donee statute of this state. As is stated in the Rule Against Perpetuities by Gray (3d Ed.), par. 629, p. 497:

"The rule against perpetuities is not a rule of construction, but a peremptory command of law. It is not, like a rule of construction, a test, more or less artificial, to determine intention. Its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if the rule did not exist, and then to the provision so construed the rule is to be remorselessly applied."

This rule has frequently been quoted and referred to with approval in numerous opinions of this court.

Construing the clauses of this item of the will with reference to childless children, we have a succession of three donees living at the end of the twenty-year period, these three childless children. The first one of them to die represents the first donee. At his death one-fifth of the estate devised him goes to each of the surviving childless children subject to the same conditions and held in a similar way. The same thing happens upon the death

of the second childless child.  One-fourth of the original property devised him goes to the sole surviving childless child, likewise one-fourth of one-fourth of the property of the first dying childless child goes to the sole surviving childless child under the terms of the will.  Not until the death of the last surviving childless child will the entire estate devised to the childless children finally vest in fee.

This case is not like that of *Redmond* v. *Redmond, supra,* nor *Henry* v. *Henderson,* 103 Miss. 69, 60 So. 33. In the Redmond Case the testator gave his seven children an estate measured by the life of the longest liver. In the Henry Case it was an estate given to two nephews measured by the life of the longest liver.  In the present case there is an estate which determines upon the death of a childless child or upon the birth of issue to him.  On the death of a childless child some portions of it vest absolutely, namely, in grandchildren or descendants, while other parts of it go to other childless children.  In this respect it falls squarely within the principles announced in the case of *Smith* v. *Muse* (Miss.), 98 So. 436, and *Hudson* v. *Gray,* 58 Miss. 882.

From these views it follows that the attempted devises upon the death of the childless children are violative of this statute and are therefore void.

The question then to be determined is what character of estate these three childless children are devised.  Eliminating the restrictions and qualifications and executory devises, which are too remote, by this item of the will they are devised a fee.  This question was discussed by the court in the case of *Reddoch* v. *Williams,* 129 Miss. 706, 92 So. 831.  In that case the court reviewed certain language used in the opinions in the cases of *Gully* v. *Neville* (Miss.), 55 So. 289; *Henry* v. *Henderson,* 101 Miss. 751, 58 So. 354, the same case reported in 103 Miss. 48, 60 So. 33; and other authorities.  Among quotations is one from *Brattle Square* v. *Grant,* 3 Gray (Mass.) 142 63 Am. Dec. 725, as follows:

"Upon this point we understand the rule to be, that if a limitation over is void by reason of its remoteness, it places all prior gifts in the same situation as if the devise over had been wholly omitted."

Also the following quotation from the Rule Against Perpetuities by Gray (3d Ed.), p. 229, par. 247:

"If future interests created by any instrument are avoided by the rule against perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument. Thus, if an estate is given to A. for life, remainder to his children and their heirs, but, if the children all die under twenty-five, then to B. and his heirs, the limitation to B. is too remote, and the children of A. take an indefeasible fee simple."

See, also, section 432, same work; likewise, the case of *Smith* v. *Muse, supra.* On this question this case is directly in point.

We therefore conclude that in this item of the will there is a good absolute gift to these childless children; that the attempted restrictions and modifications violate the statute and must be stricken down; and that the childless children are devised in fee simple a one-sixth interest in this property. Our decision on this question renders it unnecessary to discuss other interesting questions presented.

There is no estoppel because the executor has administered the estate during the twenty-year period. Neither he nor the childless children have ever before been called upon to determine what interest was devised them and all others under this item of the will.

The decree of the lower court will be reversed, and the cause remanded to be proceeded with in accordance with this opinion.

*Reversed and remanded.*