**Cora GUILLIAMS, Appellant,**

v.

**Jesse J. KOONSMAN, et al., Appellees.**

**No. 3118.**

Court of Civil Appeals of Texas. Eastland.

Dec. 3, 1954.

Rehearing Denied Jan. 7, 1955.

Moore & Moore, Paris, for appellant.

Wayland G. Holt, Snyder, Hawkins & Dean, Breckenridge, for appellees.

LONG, Justice.

Alvin Koonsman filed this suit against Jesse J. Koonsman, Mrs. Cora Guilliams and John Billy Koonsman, a minor, the only child of Alvin Koonsman, who was sued individually and as a representative of a class, some of the members of which may be yet unborn, to construe the fourth paragraph of the will of J. J. Koonsman, deceased. The fourth paragraph of the will is as follows:

> "I give and devise to my son, Alvin Koonsman, all of my undivided interest in all of the remainder of my real property situated in Scurry County, Texas, which I may own at the time of my death, and to his child or children if any survive him, and in the event of Alvin's death without issue surviving him, then to my son and daughter, Jesse J. Koonsman and Mrs. Cora Guilliams, share and share alike, and to their heirs and assigns forever."

The judgment of the trial court construed said paragraph as follows:

> "It is therefore ordered, adjudged and decreed by the court that the true meaning and effect of said 'Fourth' paragraph of said will is that the plaintiff, Alvin Koonsman is therein and thereby given an estate in fee, defeasible, however, upon his death without

issue surviving him; so that in the event of the death of said plaintiff, Alvin Koonsman, without issue surviving him the defendants, Jesse J. Koonsman and Mrs. Cora Guilliams, share and share alike, or their heirs and assigns, shall take the fee simple estate in the property referred to in said 'Fourth' paragraph of said will."

From the judgment, Cora Guilliams alone has appealed.

■ It was the contention of Alvin Koonsman in the trial court that the will vested in him the fee simple title to the land involved. It was the contention of Cora Guilliams in the trial court, and she contends in this court, that the will when properly construed vests in Alvin Koonsman a life estate only. We believe the court placed the proper construction upon the fourth paragraph of the will. It is our opinion that this case is controlled by Federal Land Bank of Houston v. Little, by the Commission of Appeals, 130 Tex. 173, 107 S.W.2d 374. Following the rule laid down in that case the will vests in Alvin Koonsman an estate in fee, defeasible, however, upon his death without issue surviving him. See also Roberts v. Chisum, Tex.Civ.App., 238 S.W.2d 822.

■ Appellant complains because the trial court in its judgment did not define the word "issue" as used in the phrase, "in the event of Alvin's death without issue surviving him." We find no error in this point. Alvin Koonsman is not dead and when he dies he may not die without issue. Consequently, the court would be passing upon a question which has not arisen or may never arise. Cousins v. Cousins, Tex. Civ.App., 42 S.W.2d 1043; 69 C.J. 868. Furthermore, this question was not raised in the trial court.

We approve the judgment of the trial court and it is accordingly affirmed.

GRISSOM, C. J., and COLLINGS, J., concur.