CORA_QUILLIAMS V. JESSE J. KOONSMAN ET AL

No. A-5109. Decided June 1, 1955.
(279 S.W. 2d Series 579)

*Hardy Moore,* of Paris, for petitioner.

On the proposition that plaintiff took a life estate with remainder over to his children, if any survived him, otherwise to the other children of J. J. Koonsman. Grigsby v. Reib, 105 Texas 597, 153 S.W. 1124; Goodman v. Carpenter, 189 Ky. 83, 224 S.W. 676; Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Texas 574, 136 S.W. 2d 800.

*Hawkins & Dean,* and *L. D. Hawkins,* of Breckenridge, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Our main problem involves the construction of the fourth paragraph of the will of J. J. Koonsman, deceased, which reads as follows:

"I give and devise to my son, Alvin Koonsman, all of my undivided interest in all of the remainder of my real property situated in Scurry County, Texas, which I may own at the time of my death, and to his child or children if any survive him, and in the event of Alvin's death without issue surviving him, then to my son and daughter, Jesse J. Koonsman and Mrs. Cora Quilliams, share and share alike, and to their heirs and assigns forever."

The trial court held that the paragraph devised to Alvin Koonsman "an estate in fee, defeasible, however, upon his death without issue surviving him," with a gift over to Jesse J. Koonsman and Mrs. Cora Quilliams. The Court of Civil Appeals affirmed. 274 S.W. 2d 135.

If the devise in the fourth paragraph had been to Alvin Koonsman in fee, without other qualifying language, and with the added limitation "and in the event of Alvin's death without issue surviving him, then to my son and daughter, Jesse J. Koonsman and Mrs. Cora Quilliams, share and share alike, and to their heirs and assigns forever," it clearly would be controlled by Federal Land Bank of Houston v. Little, 130 Texas 173, 107 S.W. 2d 374 and St. Paul's Sanitarium v. Freeman, 102 Texas 376, 117 S.W. 425, and would be held to create in Alvin Koonsman a defeasible fee. Petitioner so admits in her brief.

On the other hand, if the devise had been to Alvin Koonsman "and to his child or children," without other qualifying or limiting language, and at the effective date of the will there was a child or children of Alvin Koonsman in esse, the great majority of the courts of this country, following the Second Resolution of Wild's case (6 Coke 16b, 77 Eng. Rep. 277), would treat it as vesting the fee title in Alvin Koonsman and his child or children in being at the effective date of the will as joint tenants or tenants in common. See Annotation 161 A.L.R. 612. This is also the view adopted by the American Law Institute in its Restatement of the Law of Property. Vol. 3, § 283.

The will before us differs from both examples in that it

combines the features there emphasized and adds to the words quoted in the second example—"and to his child or children"— the significant words, "if any survive him."

The theory of the petitioner is that the words "and to his child or children if any survive him" should not be ignored as though they were not in the will but should be given effect by holding that the devise creates a life estate in Alvin Koonsman with a vested remainder in his child or children, defeasible, however, upon the death of the child or children before the death of Alvin Koonsman, with a gift over in this latter event to the testator's other two children, Jesse J. Koonsman and Mrs. Cora Quilliams.

The theory of the respondent before this court, evidently adopted by the courts below, is that the quoted words must be read in connection with the language next following which normally would be held to create a defeasible fee in Alvin Koonsman, and that it does not operate to reduce that estate to a life estate with a remainder in Alvin Koonsman's child or children.

We do not agree entirely with either of the parties, albeit our construction of the fourth paragraph of the will is much nearer that contended for by petitioner than that of the respondent and the courts below.

■ The cardinal rule to be followed in construing a will is to seek and enforce the intention of the testator; and if the intention of the testator be not clearly expressed by the particular language used it may be found by looking to the provisions of the will as a whole and to the circumstances surrounding its execution. Darragh v. Barmore, Texas Com. App., 242 S.W. 714.

The only evidence in the record before us, other than the will itself and the probate proceedings in connection therewith, is the testimony of Alvin Koonsman that J. J. Koonsman, the testator, died March 6, 1942, and that he (Alvin) has only one child, John Billy Koonsman, born October 15, 1942. From this testimony it appears that John Billy was in esse for the purpose of taking under the will on the date it became effective, that is, the date of J. J. Koonsman's death. Hone v. Van Schaick, (N.Y.) 3 Barb. Ch. Rep., 488, 508; Harper v. Archer, 4 Smedes & Marsh. (Miss.) 99, 43 Am. Dec. 472; Scott v. Turner, 137 Miss. 636, 102 So. 467, 468.

The will itself contains only four dispositive paragraphs: THIRD, FOURTH, FIFTH and SIXTH. The third paragraph devises certain property in fee to the testator's wife. The fifth paragraph devises certain property in Borden and Garza Counties, Texas, and Roosevelt County, New Mexico to the testator's three children, Jesse J. Koonsman, Alvin Koonsman and Mrs. Cora Quilliams, share and share alike, with this limitation: "and in the event that either of them die without issue surviving, then and in that event only, to the survivor or survivors of my said children, and to their heirs and assigns forever." The sixth paragraph devises the residue of the testator's property to the testator's sons, Jesse J. Koonsman and Alvin Koonsman, "for them to use and enjoy as they may deem proper" with the limitation that "in the event that either of them die without issue surviving him, then to the survivor of my sons named in this paragraph."

Under the authorities hereinabove cited (Federal Land Bank of Houston v. Little and St. Paul's Sanitarium v. Freeman) it is clear that the fifth and sixth paragraphs of the will operated to vest in the immediate devises therein named a defeasible fee estate. It is equally clear that the testator, or his scrivener, knew what language to use to create a defeasible fee estate and that by the use of language in the fourth paragraph identical with that of the fifth and sixth paragraphs he could give to Alvin a defeasible fee estate in the property there devised. But he did not use that language. The devise of the fourth paragraph was not in fee to Alvin with a condition of defeasance, but was to Alvin "and to his child or children if any survive him."

The differentiating language of the testator cannot be ignored. There is nothing before us, either in the will or outside of it, to show that the testator intended that the different language of paragraph four should have the same legal effect as the language of paragraphs five and six.

2  What is the meaning of the words "and to his child or children if any survive him" following the devise to Alvin? We have been cited to and have found no case squarely in point. If the words "if any survive him" had been omitted and we were to follow the weight of authority, heretofore noted, we would be compelled to hold that Alvin and his son, John Billy, took the first estate created as cotenants. But those words were not omitted, and we ascribe to them a two-fold effect: first, they limited the interest of Alvin Koonsman to a life estate, and

secondly, they operated to make the remainder to be taken by the child or children of Alvin contingent rather than vested.

■ The words "if any survive him," qualifying the devise to the children of Alvin, clearly indicate that his children were not to take as cotenants with Alvin but were to take in succession to him, with the result that the devise to Alvin is limited to a life esate. No particular form of words is necessary to the creation of a life estate, 28 Texas Jur., Life Estates, § 4, p. 54. "It has been said that where the construction of a will devising property to one and his children is doubtful, the courts lean toward giving the parent a life estate, and that even a slight indication of an intention that the children shall not take jointly with the parent will give a life estate to the parent with a remainder to the children." 33 Am. Jur. 474.

■ The conclusion that the remainder in the child or children is contingent rather than vested is also impelled by the words "if any survive him." Survival is made a condition precedent to the vesting of the remainder rather than a condition of defeasance. While it has been said that "The law favors the vesting of estates at the earliest possible period, and will not construe a remainder as contingent where it can reasonably be taken as vested," Caples v. Ward, 107 Texas 341, 179 S.W. 856, 858, nevertheless, when the will makes survival a condition precedent to the vesting of the remainder, it must be held to be contingent. In 36 Texas Jur., Remainders and Reversions, § 7, p. 877, it is said: "The contingency upon which vesting or ownership is dependent may be the survival of the named taker at the time when the grant or devise is limited to take effect in possession or it may be another event the happening of which is uncertain." See also 33 Am. Jur., 535; Powell on Real Property, Vol. 2, § 278, p. 474 and § 328, p. 721. The rule for determining whether a remainder is vested or contingent is thus states by Gray in his work on The Rule Against Perpetuities: "If the conditional element is incorporated into the description of, or into the gift to the remainder-man, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested." (3rd Ed., § 108 (3), page 85). See also In re Roe's, 281 N.Y. 541, 24 N.E. 2d 322, 131 A.L.R. 712, et seq. The rule as thus stated has been approved and adopted by the courts of this state. Jones v. Hext, Texas Civ. App., 67 S.W. 2d 441, 444, writ refused; Rust v. Rust, Texas Civ. App., 211 S.W. 2d 262, 266, opinion approved, 147 Texas 181, 214 S.W. 2d 462. Here the condition of survival

is incorporated into the gift to Alvin Koonsman's child or children.

■ There remains to be determined the nature of the estate devised to Jesse J. Koonsman and Mrs. Cora Quilliams by the fourth paragraph of the will. They are to take the fee "in the event of Alvin's death without issue surviving him." Their estate must be held to be a contingent remainder also. It is to take effect upon Alvin's death, but only if he dies "without issue surviving him." It is an alternative contingent remainder. In 33 Am. Jur., 542 it is said: "More than one estate in remainder may be limited after a single particular estate if the limitation is in the alternative so that one may take effect if the other does not." See also 31 C.J.S., Estates, § 75, p. 93; Chase v. Gregg, 88 Texas 552, 32 S.W. 520, 522; First Nat. Bank of Springfield v. Pointer, 174 Tenn. 472, 126 S.W. 2d 335, 337.

■ Petitioner also assigns error to the failure or refusal of the trial court and the Court of Civil Appeals to define the word "issue" as used in the fourth paragraph of the will. While the pleadings of the parties sought, primarily, a construction of the fourth paragraph of the will, they appear to us adequate to bring the case under Article 2524-1, Vernon's Annotated Texas Civil Statutes, the Uniform Declaratory Judgments Act. The Act itself provides that it shall be liberally construed. This court has followed that admonition. In Cobb v. Harrington, 144 Texas 360, 190 S.W. 2d 709, 713, 172 A.L.R. 837, we quoted with approval from Anderson's Actions for Declaratory Judgments in which it is said that the action for declaratory judgment " 'is an instrumentality to be wielded in the interest of preventative justice and its scope should be kept wide and liberal, and should not be hedged about by technicalities'."

In many jurisdictions a declaratory judgment defining future interests in property will not be granted. In others, the granting of such a judgment is held to be discretionary with the trial judge. National Shawmut Bank v. Morey, 320 Mass. 492, 70 N.E. 2d 316, 174 A.L.R. 880, et seq. The cases so holding, however, appear to be cases in which the interest sought to be defined was not connected with or related to another interest concerning which there was a present justiciable controversy. Cousins v. Cousins, Texas Civ. App., 42 S.W. 2d 1043, writ refused, cited and relied upon by the Court of Civil Appeals in this case fits into that category. In this case there was a present justiciable controversy with respect to the nature of the estate devised by paragraph four to Alvin Koonsman, and we

think a liberal interpretation of the Act entitled the parties to have the remaining language of the paragraph construed in order to prevent a multiplicity of suits, even though an actual justiciable issue with respect to the remaining language has not arisen and may never arise. The issue was raised by the prayer in respondent's cross-action in which the trial court was asked to hold that Alvin Koonsman took a life estate, "with remainder to his child or children if any survive him, and if not, with remainder to" Jesse J. Koonsman and Mrs. Cora Quilliams. Obviously, this result could only be arrived at by construing the word "issue" to mean children.

The word "issue" as used in the fourth paragraph of the will is used interchangeably with the word "children." We therefore construe the word "issue" as used in such paragraph to mean child or children. 2 A.L.R. 938.

The judgments of the trial court and Court of Civil Appeals are reformed to define the word "issue" as used in the fourth paragraph of J. J. Koonsman's will to mean child or children, and to decree that the true meaning and effect of the fourth paragraph of the will is that the plaintiff, Alvin Koonsman, is therein and thereby given an estate for life in the property therein described, with a remainder in fee to the child or children of Alvin Koonsman, conditioned upon their surviving him, and an alternative remainder in fee to Jesse J. Koonsman and Mrs. Cora Quilliams, or their heirs and assigns, conditioned on the death of Alvin Koonsman without a child or children surviving him, and as so reformed the judgments of those courts are affirmed.

Opinion delivered June 1, 1955.