**Elaine PRUETT et al., Appellants,**

**v.**

**Robert Culmore BERKELEY et al.,**
**Appellees.**

**No. 4495.**

Court of Civil Appeals of Texas.

Waco.

June 30, 1966.

Dunnam & Dunnam, Robert M. Campbell, Waco, for appellants.

Phil Teeling, Waco, for appellees.

## OPINION

WILSON, Justice.

The questions in this action to construe a will are whether a clause in the will is ambiguous, and if so, whether the trial court properly construed it. We hold the ambiguity exists, and the trial court's construction is correct.

Testatrix, approximately 80 years of age, lived with her older sister. Her holographic will vested a life estate in the sister, and authorized the independent executor to deal with the property at its discretion so as to provide for the sister's support and maintenance. These provisions were followed by the clause in controversy:

"*In event my death predeceased her* it is my desire and I will, devise and bequeath all my real property as follows: to my beloved great nephew \* \* \*" in fee simple.

There is no general residuary clause.

■ The quoted clause is ambiguous, in our opinion. Appellant urges the italicized words mean: "In the event I predecease her". The trial court concluded they mean: "In the event she predeceases me". They are, on their face, equally subject to the interpretation: "In the event of my death predeceased by her," for if the word "predeceased" is a verb, it is in the past tense, and the grammatical case of the pronoun "her" is not ascertainable. Since the clause in question is ambiguous, courts are not authorized to "indulge conjecture as to the possible or probable intention of the testator." Philleo v. Holliday, 24 Tex. 38, 44.

■ In this posture the court looks to the will as a whole "and to the circumstances surrounding its execution" in determining intent. Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 581, 57 A.L.R.2d 97. Extrinsic evidence is admissible to show family status, the testator's situation and other circumstances relating to his affairs to enable the court to determine the testator's meaning in use of the words. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374, 377; Peet v. Commerce & E. S. Ry. Co., 70 Tex. 522, 8 S.W. 203, 206; Hunt v. White, 24 Tex. 643. Among circumstances held to be so admissible are prior wills executed by the testator. 4 Page on Wills (rev. 1961) Sec. 32.9, p. 274; 94 A.L.R. (IV, m.) 247–249, and cases cited Supp. See Thompson, Wills (3d ed.) Secs. 217, 326.

■ Testatrix executed a typewritten will prepared for her six months before the holographic will under consideration was made. In that earlier will she likewise created a life estate in her sister with similar powers vested in the independent executor, and provided: "Should my sister predecease me, or, if she survives me, upon her death, it is my will and desire that my real property remaining in the estate pass in fee simple as follows * * * to my beloved great nephew * * *"

Among the specific alterations in the provisions of the prior will made in the holographic instrument are the deletion of a second life estate qualifying the fee-simple estate of the nephew in an identified tract, and the changing of the former second life tenant to a legatee of personalty only. The wording of the holographic will is sometimes awkward as though testatrix was attempting, somewhat ineptly, to copy most of the typewritten provisions of the earlier will. In both instruments the dominant intent clearly manifest is the desire to insure the maintenance and support of the elderly sister of the testatrix. Under the construction urged by appellant this purpose would be defeated.

In our opinion the trial court's construction is correct. Appellants' points are overruled.

Affirmed.