Francis V. EVERETT et al., Appellants,

v.

John C. ADAMS, Jr., Appellee.

No. 4824.

Court of Civil Appeals of Texas.

Waco.

Aug. 14, 1969.

Schultz & Martin, Mexia, Nance, Caston, Thompson & Hefner, Sherman, for appellants.

Ramey, Brelsford, Flock, Devereux & Hutchins, Sam Cobb, Jr., Tyler, for appellee.

## OPINION

HALL, Justice.

This is a will construction case.

Hugh and Ora K. Everett were husband and wife. They owned a 351 acre tract known as the "Kirvin Farm." At the time of his death, Hugh owned a part of the Kirvin Farm as his separate property, and a community interest in the balance with Ora. They purchased a portion of the farm from a nephew, Francis. A mineral interest was reserved by Francis.

Hugh Everett died on July 14, 1954. The dispositive clauses of his will (dated February 3, 1954) are as follows:

"II. It is my will and desire that all of my property, both real and personal, I may die seized and possessed of, after the payment of all of my just debts together with all the expenses incident to the probating of this will, shall pass to and vest in my beloved wife, Ora K. Everett, for and during her natural life with the full power of selling and disposing of all or any part of said property, and a deed or conveyance of any kind or character, executed by the said Ora K. Everett shall convey full title to all or any part of my said property.

"III. At the death of my wife, Ora K. Everett, if said property has not been disposed of by my said wife, I give and bequeath to my foster son, Sam Padgett, my farm near Kirvin in Freestone County, Texas, consisting of 351 acres. *It is my wish that if gas, oil, or other minerals are ever found on said property, that they be divided into two portions, Sam Padgett and B. O. Everett, Sr., to jointly receive one-half thereof and Fred Everett, Hubert Everett, and Sally May Caffey to receive one-half thereof. The royalties from said property to be sold only at such time as Sam Padgett agrees upon.* My other nephew Francis Everett has already been cared for. (emphasis added)

"IV. I give and bequeath to my foster son, Sam Padgett, all of the stock which I own in the Mexia Textile Mill and all thirty-five shares of stock owned by me in the West Texas Utilities Company of Abilene, Texas.

"VI. All the rest and residue of my said property, subject to the bequest heretofore made and the right of my said wife to dispose of said property, I give and bequeath one-half thereof to Sam Padgett and B. O. Everett, Sr., jointly, and one-half thereof to Fred Everett, Hubert Everett and Sally May Caffey, jointly."

Ora K. Everett died August 18, 1955. The dispositive portions of her will (dated February 5, 1952) and its codicil (dated April 26, 1955) read as follows:

"II. It is my will and desire that all the property, both real and personal, I may die seized and possessed of, after payment of all my just debts together with all the expenses incident to the probating of this will, shall pass to and vest in my be-

loved husband, Hugh E. Everett, for and during his natural life with the full power of selling and disposing of all or any part of said property, and a deed of conveyance of any kind or character executed by the said Hugh E. Everett shall convey full title to all or any part of my said property.

"III.   At the death of my husband, Hugh E. Everett, if said property has not been disposed of by my said husband, I give and bequeath to my foster son, Sam Padgett, all of my said property."

CODICIL: "Of course, according to my late husband's will, Sam Padgett gets the Kirvin Farm. *If oil is ever found there, I want it to be divided as my husband wrote in his will: One-half royalty to go to Sam Padgett and Browder Everett, Ringling, Oklahoma, and other half to be divided among the other Everett children, Sallie Mae, Francis, Hubert, and Fred Everett.*" (emphasis added)

In January, 1957, after the wills and codicil had been duly admitted to probate, Sam Padgett sold and conveyed the Kirvin Farm, including his mineral interest, by general warranty deed to appellee. Subsequently, appellee executed mineral leases thereon. In February, 1968, appellants, who are or represent the niece and nephews of Hugh and Ora K. Everett named in the codicil, executed oil, gas and mineral leases on the tract in question.

Appellee brought this action for declaratory judgment against appellants and those who claim under them, seeking a determination that, under the wills and codicil "Sam Padgett became the owner of the (Kirvin Farm) and all oil, gas and other minerals thereunder," less that reserved by Francis in his conveyance to the Everetts; and that "the defendants acquired no interest in any portion of the oil, gas and other minerals in the (Kirvin Farm) tract, nor of the royalty therein," or, alternatively, "that if any such interest was so acquired by any defendant, the same was divested by virtue of the deed executed by Sam L. Padgett to plaintiff." Appellee also sought judgment declaring the lease instruments executed by appellants to be void and ineffective, thereby removing the cloud they allegedly cast upon his title to the Kirvin Farm tract.

All parties to this appeal filed motions for summary judgment.

The construction and effect of the language in the wills that we have emphasized, above, is critical to the disposition of this case. The trial court held that language "is of no effect and is void," and granted appellee's motion for summary judgment. Appellee was given the full relief he sought in his pleadings.

The parties agree that the wills of the Everetts must be construed together.

The rules of construction of wills are well known to the profession, and have been fashioned to accomplish the single objective of ascertaining the dominant intention and purpose of a testator. "But from all the rules, exceptions and presumptions, no principle has issued which, when applied to the infinitely varied phraseology of wills, will lead certainly and definitely to uniform or like results;" 28 Am.Jur.2d 414, Estates, Sec. 256; and the intention of a testator, when ascertained, will control any arbitrary rule. Nevertheless, settled rules of construction should be applied so far as they are practicable. 61 Tex.Jur.2d 251, Wills, Sec. 129.

Appellee asserts that the words "wish" and "want," as used in the language in question, are precatory, and that the Everetts intended no more than a request to Padgett to share the minerals, in the event of discovery, with appellants; and that the language is therefore of no effect.

"It is true that such words as 'wanted', 'wish', and 'desire' in their ordinary and primary meaning are precatory." Ber-

gin v. Bergin, 159 Tex. 83, 315 S.W.2d 943, 947. However, when we consider the instruments together and in their entirety, it appears that the words were used to express the intention of the Everetts in making disposition of their property. We construe them as mandatory. See 61 Tex.Jur.2d 285, Wills, Sec. 157.

Appellants contend that upon the death of Mrs. Everett they took a vested fee in the mineral estate, and that only their enjoyment thereof has been postponed. We do not agree.

■ Ordinarily, if a conditional element is incorporated into the description of, or into the gift of a future interest, then the interest is contingent. See Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 582, 57 A.L.R.2d 97 (1955); Jones v. Hext (Tex.Civ.App., 1934, writ ref.), 67 S.W.2d 441, 444. Clearly, here the conditional element is "incorporated into the gift" to appellants.

Furthermore, it is apparent to us that Mr. and Mrs. Everett did not intend that any interest should vest in appellants unless and until oil or other minerals were found on the property; and that they did intend that Sam Padgett should receive fee title to the mineral and surface estate of the Kirvin Farm. In the wills, Padgett is the intended beneficiary of the bulk of the estates of the Everetts. In each will, the questioned language is preceded by a devise to Padgett which, standing alone, would vest in him an absolute fee simple estate in the Kirvin Farm property. Article 1291, Vernon's Ann.Tex.Civ. Statutes.

■ We hold that appellants received only a contingent interest. Padgett was given fee title to the property, defeasible, however, to the extent provided in the executory devise to appellants, upon the happening of the contingency. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 717 (1922).

Appellee says that if the language is held to be mandatory the executory devise to appellants is against public policy and void because it violates the rule against perpetuities. If the Everetts intended a literal meaning when they used the words "ever found" in referring to the discovery of oil, then there is merit in appellee's contention. The finding of oil, gas, or other minerals on the property is not an event that is certain to happen.

The rule against perpetuities is applicable to an executory devise; 70 C.J.S. Perpetuities § 13, p. 590; 28 Am.Jur.2d 545, Estates, Sec. 339. It renders invalid any devise which attempts to create an estate or interest which will not, or by possibility might not, vest within a life or lives in being at the time of the testator's death and twenty-one years thereafter plus the ordinary period of gestation. 45 Tex.Jur.2d 97, Perpetuities and Restraints, Sec. 2. When, as here, a life in being forms no part of the postponement of vesting of title, the limit of time against perpetuities is twenty-one years from the death of the testator. Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800, 801 (1945).

However, we do not believe the Everetts intended by using the words "ever found," to create a contingency that would last forever or until oil was found. They were not looking beyond the ownership of the property by Padgett. Hugh Everett anticipated some control by Padgett over the development and production of the minerals.

■■ We are convinced that the dominant purpose and intention of the Everetts was to give fee title to Sam Padgett of their interest in the Kirvin Farm property, surface and minerals; and to further provide for a sharing of the mineral estate by appellants and Padgett if oil, gas or other minerals should be found on the property *while Padgett held it*. We are equally convinced that the Everetts did not intend that the executory devise to appellants should interfere with or in anywise restrain Padgett's right of alienation of the mineral estate anytime before the occurrence of the contingency.

This construction affords meaning and harmony to the provisions of the wills, including the questioned language. It avoids the creation of a perpetuity or other illegal restraint on alienation of the mineral estate. Moreover, we are satisfied that it expresses the true intention of the makers.

 No gas, oil or other minerals have been found on the Kirvin Farm property. When Padgett conveyed the property to appellee in 1957, appellants' contingent interest in the mineral estate was defeated, and the language in question in the wills was rendered void and of no effect.

We have considered all of appellants' contentions and find them to be without merit. They are overruled.

The judgment is affirmed.