**DISABLED AMERICAN VETERANS,
Department of Texas, Inc.,
Appellants,**

v.

**Bessie P. MULLIN and Maybelle
Wilson, Appellees.**

**No. 04–88–00474–CV.**

Court of Appeals of Texas,
San Antonio.

June 28, 1989.

Rehearing Denied Aug. 3, 1989.

Arthur David Porcella, San Antonio, for appellants.

Harold A. Ellard, Dallas, Robert C. Cowan, Sr., San Antonio, for appellees.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a declaratory construction of the separate wills of George and Estella Brandt–Bey.

The record reflects the following: George and Estella Brandt–Bey were husband and wife at the time of Mr. Brandt–Bey's (Testator) death on March 30, 1960. Testator's will, dated August 10, 1954, was duly admitted to probate.

Mrs. Brandt–Bey (Testatrix) died on July 30, 1987, and her will, dated January 6, 1983, was duly admitted to probate in 1987. During their marriage, Testator and Testatrix acquired their residence property in San Antonio, Texas, hereinafter referred to as the "home." The "home" was their community property at the time of Testator's death in 1960.

The material provisions of the Testator's and Testatrix's wills, which the trial court construed, are as follows:

### TESTATOR'S WILL

### III

I give, devise and bequeath all of the property, be it real, personal or mixed, wheresoever situated (sic), of which I die seized and possessed, including my home ... To my wife, ESTELLA S. BRANDT–BEY, *with full power to sell or dispose of same as to her may seem best.*

If my wife, ESTELLA S. BRANDT–BEY, predeceases me or *if at the time of her death she has not otherwise disposed of our home* ... then I give, devise and bequeath the same to my granddaughter, INGRID BRANDT–BEY,

daughter of my son, GEORGE AUGUST BRANDT–BEY, JR., provided she has attained the age of twenty-one (21) years at that time and is a bonafide resident of San Antonio, Texas, intending thereafter to make San Antonio her domicile. If, however, my said granddaughter does not qualify under said conditions to take said property, then and in that event, I give, devise and bequeath the same to San Antonio Chapter #14 of the Disabled American Veterans, to be used by them as a meeting place or in such other manner as to them may seen proper. [emphasis added]

## TESTATRIX'S WILL

### IV

All the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, tangible and intangible, of whatsoever nature and wheresoever situated, including all property which I may acquire or become entitled to after the execution of this Will, including all lapsed legacies and devises or other gifts made by this Will which fail for any reason, I bequeath in equal share to my sisters, BESSIE P. MULLIN and MAYBELLE WILSON, and to my brother, DALLAS BERT PLY, or to the survivors thereof, and if but one shall survive me, then the whole to such survivor.

Appellees are the named devisees and legatees surviving under Testatrix's will. The parties stipulated that Ingrid Brandt–Bey Novak, first residuary legatee in Testator's will, did not qualify to take under Testator's will.

After argument, the case was submitted on the pleadings to the trial court for a declaratory construction of the wills of Testator and Testatrix. Appellees asserted that as the surviving legatees under Testatrix's will, they were entitled to all the title and interest in the "home."

Appellant contended that Testator's one-half community property interest in the "home" passed, at the death of Testatrix, to appellant as the second residuary lega-

tee under Testator's will on the premise that Testatrix had made no disposition of the property during her lifetime.

The trial court rendered judgment in favor of appellees, Bessie P. Mullin and Maybelle Wilson, the beneficiary legatees under the will of their sister, Testatrix. This appeal followed.

In its sole point of error appellant alleges that the trial court erred as a matter of law in ruling in appellees' favor because its holding was in direct contravention of established judicial precedent of the State of Texas. We disagree.

We would first note that appellant has neither cited to us nor have we found, after diligent search, Texas judicial precedent interpreting the exact testamentary language before us. We will therefore construe the wills ourselves.

One of the cardinal rules of construction in construing a will is to ascertain the intent of the Testator and to effectuate that intent as far as possible. *Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex.1967); *Guilliams v. Koonsman*, 154 Tex. 401, 279 S.W.2d 579, 581 (1955). The Testator's intention must be ascertained by viewing the will in its entirety. If this intent can be ascertained from the language of the will, then any particular paragraph, clause or sentence, which, if considered alone, might indicate a contrary intention, must yield to the intention manifested by the whole instrument. *Bergin v. Bergin*, 159 Tex. 83, 315 S.W.2d 943, 946–47 (1958).

If the will does not clearly indicate an intent to convey a lesser title, it will be held to convey an absolute fee title. *Bergin, supra*, at 946. It is not necessary to use the terms "fee simple," "heirs" or any other specific language to pass a fee simple title. TEX.PROP.CODE ANN. § 5.001 (Vernon 1984).

When the dominant purpose of Testator is first stated in the first paragraph [first sentence], the balance of the will should be construed in harmony therewith, if possible. A latter clause [sentence] in a will must be deemed to affirm, not to con-

tradict, an earlier clause [sentence] if this construction can fairly be given. *Heller v. Heller*, 114 Tex. 401, 269 S.W. 771 (1925).

 Applying the foregoing rules of construction to the Testator's will, we believe the language used in the first sentence of paragraph "III" makes it clear that the Testator intended an outright bequest of the "home" in fee simple to his wife, Testatrix. In *Young Memorial Home For Aged Women v. Nelms*, 223 S.W.2d 302 (Tex.Civ. App.—Dallas 1949, writ ref'd n.r.e.), the court interpreted a will with language very similar to that of Testator's and it held, "Such bequest is an absolute fee to his wife of all his property ... The beneficiaries [remaindermen heirs], other than the wife, were given no present specific interest, except in such portion as shall remain undisposed of by his wife effective at her death."

Testatrix's title being an absolute fee, then there can be no doubt or question that she had the right to make a testamentary disposition of it. Testatrix could certainly dispose of her half of the "home" by her will to anyone as she desired. If she could not testamentarily dispose of the other half of the "home" received from Testator then the possible gift over to appellant, of only Testator's half, would result in an anomalous result, viz., appellant would be relegated to only half of the "home' "as a meeting place ..." We believe that by his language, Testator did not intend such a result. We hold that the words "... dispose of same as to her may seem best" gave to Testatrix the full, absolute power to be the sole judge of, and in her sole discretion as to, what type of disposition she deems best to make, when and how to make it and in what form, including testamentary, all during life and up to and including "... at the time of her death."

Testatrix made a testamentary disposition of the "home," thereby disposing of it at the time of her death. The initial act of disposition took place during her life when Testatrix made her will; the final effect of the disposition was at death. Having disposed of the "home" by her will, Testatrix left no residuary estate of Testator for appellant to take.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.