# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00077-CV

**Joan Bennett Richardson, Appellant**

**v.**

**Archie Roberts, Executor of the Estate of Alta W. Bennett, Deceased; Opal Parsons; Mike Lawson; Sarah Cariens; Molly LaMaster; Ben Lawson; Sam Lawson; Wynona Clement; Marilyn Eanes; Carolyn Kasprzyk; and Katheryn Matheson, Appellees**

**FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
NO. 9145-P, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Joan Bennett Richardson appeals a judgment against her in a will construction case. She argues that the trial court's grant of summary judgment was in error because (1) the court failed to follow the rules of will construction; (2) the court impermissibly considered extrinsic evidence; and (3) to the extent that the will is determined to be ambiguous, disputed factual issues preclude summary judgment. We reverse the judgment of the trial court and render judgment in favor of Richardson.

## BACKGROUND

Alta Bennett died on July 4, 2001.  She had executed a will on July 27, 1989, which provides in relevant part that:

> I give, devise, bequeath the rest, residue, and remainder of my estate of whatsoever nature and wheresoever situated to Opal Parsons; . . . Alma Lawson; . . . Idell Roberts; . . . Wynona Clement; . . . and to Joan Richardson . . ., share and share alike, provided they survive me by thirty (30) days, and provided that so long as Joan Richardson has not repurchased the real property . . . located at 11610 Vance Jackson, Bexar County, San Antonio, Texas.  In that event she will receive nothing from the estate as that will satisfy her share of the estate.

It is undisputed that Richardson survived Bennett by more than thirty days.  Further, the parties have stipulated that Richardson did not repurchase the real property located at 11610 Vance Jackson, Bexar County, San Antonio, Texas.  The dispute centers on what Bennett meant by "in that event."

Archie Roberts, the executor of Bennett's estate, filed a petition asking the court to find that the unambiguous language of the will required Richardson to repurchase the property in order to share under the will.  In the alternative, he sought to produce extrinsic evidence to clarify Bennett's intent.  In her answer, Richardson argued that the unambiguous language of the will entitled her to a share of the estate because she had not repurchased the property in question.  At that time, she filed a motion for summary judgment claiming that the terms of the will unambiguously made her a beneficiary.  Roberts responded by filing a motion for summary judgment, in which he restated his original argument and included extrinsic evidence that he claimed shed light on Bennett's intent.  Finally, Richardson filed a response to Roberts's motion and included her own

2

evidence she claimed was probative of Bennett's intent. The trial court granted Roberts's motion without an explanation and denied Richardson's. This appeal followed.

## DISCUSSION

In her first issue, Richardson argues that the trial court erred in granting Roberts's motion for summary judgment and in denying her motion because the unambiguous language of the will entitles her to a share of the estate.

Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). The standards for reviewing traditional summary judgments are: (1) the movant for summary judgment has the burden of showing that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. Tex. R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A party moving for summary judgment must conclusively prove all elements of its cause of action or defense as a matter of law. Tex. R. Civ. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 233 (Tex. 1999); *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). When both sides move for summary judgment, as the parties did in this case, and the court grants one motion but denies the other, the reviewing court should review both sides' summary-judgment evidence, determine all

3

questions presented, and render the judgment the trial court should have rendered. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

In constructing a will, the court's focus is on the testator's intent. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). The intention of the testator must be ascertained by viewing the will in its entirety, and we look only at the language found within the four corners of the will. *Id.*; *Johnson v. McLaughlin*, 840 S.W.2d 668, 672 (Tex. App.—Austin 1992, no writ). Determining a testator's intent from the four corners of the will requires a careful examination of the words used. *Id.* When the dominant purpose of the testator is first stated, the balance of the will should be construed in harmony with that statement, if possible. *Disabled Am. Veterans v. Mullin*, 773 S.W.2d 408, 410 (Tex. App.—San Antonio 1989, no writ). A clearly expressed intention in one portion will not yield to a doubtful construction of another portion. *Heller v. Heller*, 269 S.W. 771, 774 (Tex. 1925); *First Christian Church v. Moore*, 295 S.W.2d 931, 934 (Tex. Civ. App.—Austin 1956, no writ) (quoting *Jones' Unknown Heirs v. Dorchester*, 224 S.W. 596, 601 (Tex. Civ. App.—Amarillo 1920, no writ)). In short, a will should not be read so as to contradict itself if its apparent contradictions can be reconciled by bringing the various clauses together and deducing a consistent interpretation from the whole context. *Jones' Unknown Heirs*, 224 S.W. at 601. Extrinsic evidence may not be received as an aid in construing an unambiguous will. *Stewart v. Selder*, 473 S.W.2d 3, 6 (Tex. 1971).

In this case, after distributing some property to certain individuals the will leaves the remainder of Bennett's estate to five persons, share and share alike, "so long as Joan Richardson has

4

not repurchased the real property . . . located at 11610 Vance Jackson." The meaning of this sentence is unambiguous: Richardson, not having repurchased the property in question, is entitled to a share of the estate.

The will then continues, "In that event she will receive nothing from the estate as that will satisfy her share of the estate." The grammatical structure of this sentence leaves it open to two possible interpretations. First, as Richardson argues, the phrase "in that event" could refer to Richardson's failure to fulfill the required condition of the will to *not* repurchase the property. That is, Richardson must not have repurchased the real property in order to share in the remainder of the estate, and the final sentence should read, "In the event Joan Richardson repurchases the real property, she will receive nothing from the estate as that will satisfy her share in the estate."

Roberts argues instead that the word "that" in the phrase "in that event" has as its antecedent the immediately preceding phrase in the sentence: "so long as Joan Richardson has not repurchased the real property . . . located at 11610 Vance Jackson." Under that interpretation, the sentence in question would read, "In the event that Joan Richardson has not repurchased the real property, she will receive nothing as that will satisfy her interest in the estate."

When read alone, the meaning of the first sentence is unambiguous. Although the second sentence contains an apparent ambiguity, our rules of construction compel us to resolve any ambiguity in it in harmony with the meaning of the first sentence. *See Jones' Unknown Heirs*, 224 S.W. at 601. Because we can read one of the two interpretations as consistent with the first sentence, we must discard the alternate reading. Otherwise, we would be reading the will as self-contradictory when its apparent contradictions can be reconciled. *See id.*

5

Further, when construing a will, we must look at the will as a whole. *Johnson v. McLaughlin*, 840 S.W.2d at 672. In the contested clause, the final phrase—"as that will satisfy her share of the estate" has significance and must be read together with the disputed phrase "in that event." Richardson's "share" of the estate, according to the terms of the will, can only mean either a share of the rest and residue of the estate or the real property in question. Roberts's interpretation of the will can only be supported if we omit that final clause. As a result, we conclude that the meaning of the second sentence is that if Richardson were to repurchase the property, she would receive nothing. Because she has not repurchased the property, as a matter of law Richardson shares in the estate under the terms of the will. Thus, the trial court erred in granting summary judgment in favor of Roberts. Instead, it should have granted summary judgment in favor of Richardson.

The parties each submitted evidence with their motions for summary judgment to support their interpretations of the will. Although that competing evidence might raise a fact question, we could consider that evidence only if we found an ambiguity in the will. *See Stewart*, 473 S.W.2d at 6. Because we have held that the will is unambiguous, we will not consider that evidence. We sustain Richardson's first issue.[1]

---

[1] In her second issue, Richardson argues that the trial court erred in considering extrinsic evidence when determining the meaning of the will. In her third issue, she argues that if we were to determine the will to be ambiguous, fact questions precluded summary judgment in this case. Because we sustain Richardson's first issue, we need not address the remainder of her arguments.

**CONCLUSION**

We reverse the trial court's grant of summary judgment and render judgment that Richardson take a one-fifth share of the residue and remainder of Bennett's estate, as set forth under the terms of the will.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Reversed and Rendered

Filed:   May 27, 2004