Clyde M. FORD, Appellant,

v.

Ronald Albright ALLEN et al., Appellees.

No. 12255.

Court of Civil Appeals of Texas, Austin.

July 23, 1975.

Rehearing Denied Aug. 13, 1975.

Stephen D. Ramsey, Coffee, Goldston & Bradshaw, Austin, for appellant.

William S. Lott, Georgetown, for appellees.

O'QUINN, Justice.

Clyde M. Ford, individually and as administrator with will annexed of the estates of his deceased parents, brought this suit in 1973, naming as defendants the three grandsons of his mother, by an earlier marriage, and sought judicial construction of certain portions of the wills which plaintiff asserted are ambiguous.

The three defendants, Ronald Albright Allen, James Donald Allen, and Claude William Allen, all non-residents of Texas, answered and defended under two principal contentions. Defendants contended that the wills of their grandmother and her husband were not ambiguous, and that their grandmother, who survived her husband, after taking under his will died without providing a contingent devisee in event her husband, the sole devisee, predeceased her. Since there was no taker under her will, defendants contended, the entire estate passed under the laws of descent and distribution of Texas, entitling them to share in the property.

Trial was before the court without intervention of a jury, and the court entered judgment sustaining contentions of defendants that the wills were not ambiguous and that the surviving wife died intestate, after taking all property under the will of her husband, and that her estate "passed and descended in fee simple to her heirs at law under the laws of descent and distribution of Texas."

We will affirm the judgment of the trial court.

The trial court filed findings of facts and conclusions of law in addition to the findings and conclusions contained in the judgment. A statement of facts has been brought forward. When specific findings and conclusions are filed and a statement of facts is before the appellate court, the findings will be sustained if there is any evidence to support them. The appellate court will review the legal conclusions drawn from the facts found to determine their correctness. 4 McDonald: Texas Civil Practice, sec. 16.10(b), p. 29 (1971).

Chester Melvin Ford and Lola Mae Ford, the deceased persons whose wills are under review, were married in August of 1943,

and Clyde M. Ford, appellant here and plaintiff below, was the only child born to their marriage. Mr. Ford had been married twice prior to his marriage to Mrs. Ford, but had no children from those marriages. Mrs. Ford also had been married earlier, and from that marriage she had a son, Otis Martin Allen, who died in April of 1958, leaving three sons, resulting from two marriages. The three surviving sons were defendants below and are appellees in this appeal.

The undisputed evidence supports the finding of the trial court that Chester Melvin Ford and his wife, Lola Mae Ford, each executed a holographic will on the same day in April of 1960, and each of them devised "all my property to my beloved" spouse, followed by certain additional identical language which is under dispute. Mr. Ford died November 25, 1972, and less than a month later Mrs. Ford died, on December 18, 1972.

It also appears undisputed that, as the court found, Mr. Ford at the time of his death owned approximately 450 acres of land in Bell County, as his separate property, and owned community property with his surviving wife which consisted of cattle, money, and other personal property.

The language of the wills giving rise to this suit, as contained in the will of Mr. Ford, follows:

"After the Payments of my Just Debts I devise all my property to my beloved wife Lola Mae Ford to do with as she See fit except that she is not to Sell, Morage [sic], or Lease any of our real Estate for more than Three (3) years without the written agreement of our son Clyde Melvin Ford."

Appellant contends that the language is ambiguous and requires construction, and that under a proper construction the language "created a life estate in real property in Lola Mae Ford with remainder to Clyde M. Ford in fee simple, or alternatively created a testamentary trust expressly or by implication for the use and benefit of Clyde M. Ford."

▮ The trial court correctly determined that the language of the wills, identical in each instrument, is clear and unambiguous, and that Mr. Ford devised "fee simple title to all the property, real and personal, owned by . . . [him] at the time of his death to his surviving wife . . . ." and that if Mr. Ford had been living at the time of his wife's death, Mrs. Ford's will would have devised all the property to Mr. Ford.

The trial court further concluded properly that (1) " . . . neither of such wills create [sic] a life estate to the surviving spouse with remainder to Clyde M. Ford . . . ." and (2) " . . . such wills do not create testamentary trusts, expressly or by implication, for the use and benefit of Clyde M. Ford."

▮ The trial court concluded (1) that the language in the wills, providing that the devisee was not to sell, mortgage, or lease any of the realty for three years without written agreement of Clyde M. Ford, was "void as being a restraint on alienation and repugnant to the devise in fee; " and (2) the language of the wills, under provisions of Article 1291, Vernon's Ann.Tex.Civ.St., devised fee simple title to all property, since the wills contained no "language clearly showing a lesser estate than the fee was intended to be devised." We approve these conclusions as correct applications of the law to the language of the wills.

Appellant contends that by extrinsic evidence it may be demonstrated that the true intent of Mr. and Mrs. Ford was to devise their real property to their only son, Clyde M. Ford, and that because of the ambiguity of the language in the wills, such evidence should have been considered. The trial court permitted the introduction of extrinsic evidence offered for the purpose of showing an intent different from results reached by the trial court.

In brief, the evidence was that the real estate was the separate property of Mr. Ford, and that the three grandsons of Mrs.

Ford were not kin to Mr. Ford; that Clyde M. Ford had helped to work the lands contained in the 450 acres, whereas the defendants had never worked any part of the land; that the grandsons were not close to their grandmother or to Mr. Ford, and none of them attended either the funeral of Mr. Ford or their grandmother; that Mrs. Ford set up a savings account for the grandsons and this alone was intended to take care of them; that Clyde M. Ford was close to his parents and was the natural object of the deceaseds' bounty, and the defendants were not; that during their life both Mr. and Mrs. Ford indicated orally that they wanted Clyde to have the land.

It is the established rule that an ambiguity arises only when the meaning which emanates from language used in the will admits of more than one interpretation. We find no ambiguity in the language of the Ford wills which in each writing clearly and plainly devises all property to the other spouse to do with as the other may see fit. The attempt, in language that follows, to place a restraint on alienation could not change or nullify the devise. It is not a function of the courts, nor is it a role the courts may assume, to revise or to make over the writing in a will to achieve results different from results which flow from the plain language used by the maker of the will. The courts may not speculate, from extrinsic evidence or otherwise, that some other result may have been intended. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960). These principles were examined in greater detail and additional authorities were reviewed in the recent opinion of this Court in *Price v. Austin National Bank*, 522 S.W.2d 725, 731 (Tex. Civ.App. Austin 1975, writ ref., n. r. e.).

Appellant presents twenty-seven points of error on appeal. Under the holdings we have announced, we have disposed of appellant's principal contentions, and those points are overruled. Appellant also urges that the trial court erred in refusing to make a determination of heirship, and under these points insists that if Mrs. Ford died intestate, appellant is entitled to one-half of her estate and defendants are entitled only to the remaining one-half. The trial court correctly declined to decide the matter of heirship since administration of the estates is still pending in Bell County, where the County Court has acquired jurisdiction to determine heirs of the deceased. Sec. 48, Texas Probate Code (as amended Acts 1971, 62nd Leg., p. 971, ch. 173); 17 Texas Practice, Woodward and Smith: Probate and Decedents' Estates, sec. 7, p. 15; sec. 202, p. 170 (1971), and cases cited.

All of appellant's points of error have been carefully examined and considered, and all points are overruled.

The trial court in its judgment denied the request of Clyde M. Ford that attorney's fees, court costs, and other expenses incurred by this suit to construe the wills be paid out of the two estates as costs and expenses of administration, and ordered all such costs and expenses to be paid by Ford individually.

The judgment of the trial court is in all things affirmed. It is ordered that costs of this appeal be taxed against appellant, Clyde M. Ford, individually.

Affirmed.