**David Allen LOEHR & Duane Mark Loehr, Appellants,**

v.

**Martha Montiel KINCANNON, Appellee.**

**No. C14–92–00012–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1992.

Reva L. Towslee, Houston, for appellants.

W. Stephen Rodgers, Paul J. Batista, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment granted in favor of appellee concerning a will that contained a void restraint on alienation. Raising two points of error, appellant asserts that the will was a joint and mutual will creating a contract between the makers and that appellee was not entitled to summary judgment because there is a material question of fact as to the testatrix's intent. We affirm.

On November 19, 1969, Walter Rosenkranz and Ella Trcalek Rosenkranz executed a joint will setting out the disposition of their property at their deaths. In their will, the survivor received a fee simple interest in all the estate whether it was real or personal property. However, if Walter Rosenkranz was the survivor, the will restricted his right to sell, encumber, or dispose of any of the real estate devised to him except for their homestead. There was no restriction on the right of Ella Rosenkranz to dispose of property if she was the survivor.

On March 15, 1970, Ella Rosenkranz died and the will was probated. Thereafter, Walter Rosenkranz conveyed to appellee 57.33 acres of real property that had been bequeathed to him under the provisions of the will. Appellee then sought a declaratory judgment action requesting the court to find that the will gave Walter Rosenkranz a fee simple interest in the subject real property and that it created an unenforceable restraint on the alienation of the real property. Subsequently, appellee filed a motion for summary judgment which was granted by the court.

■ On appeal, appellants claim that the subject *instrument* is contractual and thus a valid agreement between the makers in disposing of their property. Or in the alternative, they assert that the will is ambiguous, and extrinsic evidence is needed to determine the intent of Ella Trcalek Rosenkranz. The will provided that upon the death of either Ella Trcalek Rosenkranz or Walter Rosenkranz, the survivor shall have:

... absolutely and in *fee simple* all of the estate of every character and description, whether real, personal or mixed, which either or both of us may own or have any interest in at the time of the death of the one of us dying first, hereby intending to include both community and separate property, and we do hereby devise and bequeath unto such survivor of us all of said property; except ... Walter Rosenkranz shall not have the right during his lifetime to sell, encumber, or dispose of any of the real estate devised to him herein ... (emphasis added)

Appellants failed to raise these issues in their original answer and in their response to motion for summary judgment. In the context of this case, however, we hold that the failure to raise these issues in response to the motion for summary judgment was inconsequential because, as a matter of law, the trial court properly determined that the provision in the will was an unenforceable restraint on alienation.

■ A written instrument is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning, taking into consideration the circumstances present when the instrument was executed. *Towers of Texas, Inc. v. J. & J. Systems, Inc.*, 35 Tex.Sup.Ct.J. 659, 834 S.W.2d 1 (April 25, 1992). In the present case, the language in the will clearly and absolutely conveys a fee simple interest in the property to the surviving spouse. Any extrinsic evidence introduced would not have changed the result of the provision, which detracted from Walter Rosenkranz's fee simple interest in the property. *See Kelley v. Marlin*, 714 S.W.2d 303 (Tex.1986); *Pritchett v. Badgett*, 257 S.W.2d 776 (Tex.Civ.App.—El Paso 1953, writ ref'd). Therefore, the language in the

will that restricts Walter Rosenkranz from selling, encumbering, or disposing of the real estate at issue is repugnant to the fee simple estate specifically devised, and therefore is void. *See, e.g., Gray v. Vandver,* 623 S.W.2d 172 (Tex.App.—Beaumont 1981, no writ); *Ford v. Allen,* 526 S.W.2d 643 (Tex.App.—Austin 1975, no writ). Appellants points of error are overruled.

The judgment of the trial court is affirmed.