Herman E. WILLIAMS, Sr., Elois L. Wooten, Geraldine A.W. Carter, Gloria V. White, Joyce M. Mitchell, Richard L. Williams, Jr., and Barbara G. Dixon, Appellants,

v.

Kenneth Wayne WILLIAMS, Bruce Erratt, Richard Pena, and Curtis Capps, Appellees.

No. 01–00–01050–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 7, 2002.

---

Sam E. Rowland, Sam E. Rowland, P.C., Bill Payne, Payne, Watson, Kling, Miller & Malechek, PC, Bryan, for Appellants.

Bill Youngkin, Youngkin, Catlin, Bryan, Stach & Dillard, Bruce L. Erratt, Bryan, for Appellees.

Panel consists of Justices WILSON, JENNINGS, and SMITH.*

## OPINION

WILSON, Justice.

This is an appeal of a summary judgment in a declaratory judgment action seeking construction of a Partition Deed and Will. In their sole point of error, appellants argue the trial court erred in granting summary judgment that the provisions in both the Partition Deed and Will "preserving the right of first refusal" for members of the Williams family were void. We affirm.

### Background and Procedural Facts

When his parents died, George Riley Williams and his seven siblings [1] inherited an undivided interest in a 1000–acre farm in Brazos and Robertson counties. Williams and his siblings were in the process of partitioning the surface rights when he died. His Will stated that an oral agreement among the siblings had been reached, and each sibling agreed to receive

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Herman E. Williams, Sr., Elois L. Wooten, Geraldine A.W. Carter, Gloria V. White, Joyce M. Mitchell, Richard L. Williams, Jr., and Barbara G. Dixon are Williams's siblings.

a specific tract of land. Williams devised his one eighth interest equally to his five children. The Will required, however, that, should any child decide to sell his share, he must first get the written consent of Williams's seven siblings. After his death, Williams's siblings and his five children executed a Partition Deed containing the same provision requiring written consent to sell the land outside the family.

## The Will

The pertinent terms of the Will were as follows:

### Article VII.

I further instruct my Executors, Trustees and heirs that my brothers, sisters, and I are in the process of partitioning the Williams Estate. I have agreed on the tract of land which I am to receive. I instruct my Executor to cooperate in such partition.

### Article VIII.

I do however place the following restrictions on any of the property received from my parents, Richard Williams and wife, Sedalia Adell Williams. The restrictions shall read: "None of such property received from Richard and/or Sedalia Adell Williams can be sold to any person or entity other than one of the eight (8) children of Richard and Sedalia Adell Williams during the lifetime of any such eight (8) children without the written consent of all of the surviving children of Richard and Sedalia Adell Williams. After the death of all eight (8) children, such property can be sold to a third party who is not a Williams, provided the descendants of my deceased brothers and sisters shall have the right of first refusal on a sale to a third party...."

## The Partition Deed

The pertinent terms of the Partition Deed were as follows:

13. The parties hereto further agree that the property herein conveyed is conveyed with the following restrictions:

The tracts of land described on the description schedules attached hereto including any portions thereof may not be sold to any person other than one of such eight children during the remaining lifetime of any of the eight children of Richard Williams and Sedalia Williams without the written consent of all the children that may be alive at the time of such sale.

Kenneth Wayne Williams[2] and Susie Annette Williams,[3] two of Williams's children, conveyed their interests to non-family members. Kenneth and Susie did not obtain written consent from the survivors of the Williams family before they conveyed it.

Williams's three other children[4] filed a declaratory judgment action asking the trial court to declare that the provisions of the Will and Partition Deed constituted lawful restrictions on the transfer of property, and, as such, rendered the attempted transfer of title from Susie and Kenneth null and void. Williams's seven siblings were nominally joined as "interested par-

2. On August 10, 1995, Kenneth sold his property to Richard Pena.

3. On June 3, 1993, Susie sold her property to Bruce L. Erratt who later sold the property to Curtis Capps. In the third amended petition, the Williams family asserted Susie sold her property under duress, and she lacked the mental capacity to enter into a contract. Susie became a plaintiff in the underlying suit.

4. Frederica Ann Beckett, George Riley Williams, Jr., and J. Anthony Williams

ties" and are now appellants. They appeal the trial court's decision to grant the summary judgment filed by Kenneth and the individuals who purchased the property.

There is nothing in the record to indicate that any of Williams's seven siblings are deceased; therefore, we shall only review the portions of the documents relating to transactions occurring while the siblings are still living.

### Standard of Review

▆▆ Under rule 166a(c), summary judgment is proper only when the movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Lawson v. B Four Corp.*, 888 S.W.2d 31, 34 (Tex.App.—Houston [1st Dist.] 1994, writ denied). As movant, the defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We will take all evidence favorable to the non-movant as true. *Johnson*, 891 S.W.2d at 644; *Lawson*, 888 S.W.2d at 33.

### Analysis

▆▆ According to the Will and the Partition Deed, Kenneth and Susie were required to get written consent from all of Williams's seven siblings before they could sell their property to anyone other than the seven siblings. Appellees argue this was a restraint upon alienation. The siblings, however, contend the Will and Partition Deed simply contained rights of first refusal. We disagree.

▆▆ At common law, the tying up of property is regarded as an evil; to protect against this evil, two doctrines arose, (1) the rule that all interests are alienable, which is the restraint on alienation doctrine, and (2) all interest in property must be created or arise within certain time limits, which is the rule against perpetuities. *Metropolitan Sav. & Loan Ass'n v. Nabours*, 652 S.W.2d 820, 822 (Tex.App.—Tyler 1983, writ dism'd). A general restraint on power of an owner of vested fee simple estate to alienate his interest will not be enforced because it is contrary to public policy. *Southwestern Bell Tel. Co. v. Gravitt*, 551 S.W.2d 421, 427 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.). The restraint upon alienation may take one of three forms: (1) it may be embodied in a covenant by the holder of the fee simple not to convey; (2) it may take the form of an express prohibition against alienation; or (3) it may take the form of a provision for forfeiture should the owner attempt to transfer his interest. *Id.*

▆▆ Prohibited restraints have traditionally been classified as disabling, promissory, or forfeiture restraints. *Mattern v. Herzog*, 367 S.W.2d 312, 319 (Tex.1963). These are restraints that either void, impose contractual liability, or subject to termination a grantee's interest in land because of a later attempted conveyance. *Id.* at 319 n. 4. Options, however, can operate as indirect restraints on alienation even though they do not fit into the usual classifications. *See id.* at 319.

▆▆ Since 1890, the United States Supreme Court has held that the right of alienation is an inherent and inseparable quality of an estate of fee simple. *Potter v. Couch*, 141 U.S. 296, 315, 11 S.Ct. 1005, 1010, 35 L.Ed. 721 (1891). Further,

> a restriction ... not forbidding alienation to particular persons or for particular purposes only, but against any and all alienation whatever during a limited

time, of an estate in fee, is likewise void, as repugnant to the estate devised to the first taker, by depriving him during that time of the inherent power of alienation.

*See id.* We hold the Will and Partition Deed were restrictions against alienation during the life of Williams's siblings. A general restraint on the power of alienation, when incorporated in a deed or will otherwise conveying a fee simple right to the property, is void. *Diamond v. Rotan,* 58 Tex.Civ.App. 263, 124 S.W. 196, 198 (Tex.Civ.App.—Texarkana 1910, writ ref'd).

Because at least one of Williams's siblings is still living, the Will and Partition Deed are not rights of first refusal. They created rights of first refusal only after all of the seven siblings were no longer living.

Before Kenneth and Susie sold their property, they were not required to offer it to the siblings first. They were prevented from conveying the property until they received written consent from the surviving siblings. As written, even if the siblings did not want to buy the property from Kenneth and Susie, they could still prevent them from selling it. As such, the Will and Partition Deed were void and unenforceable.

We overrule the sole point of error.

## Conclusion

We affirm the judgment.