In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-09-00285-CV


____________________



IN THE ESTATE OF DALTON EDWARD CRAIGEN






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 96958






 OPINION


 We are asked to determine whether the trial court properly interpreted the dispository
language in a holographic will. If the will is ambiguous, the applicable rules of will
construction yield one result. If the will is unambiguous, the trial court was required to give
effect to the express language of the will, and arguably should have reached a different result. 
 The trial court, in construing the testator's intentions under the will, found "[t]hat it
was the intent of the [t]estator to leave his entire estate to his surviving wife in full." The
trial court further found "[t]hat there was no intention to leave a life estate to her." In a
single issue on appeal, the testator's adult children contend the testator intended to leave a
life estate to his wife, and they argue that the remainder of the estate passed to them through
the laws of descent and distribution. We find the will is ambiguous and hold that under the
appropriate rules of will construction, the trial court properly construed the will. 
Accordingly, we affirm the judgment. 

The Will


 Dalton Edward Craigen left a holographic will that in its entirety stated:

 Last Will & testament

 

 Debbie gets everything till 

 she dies.

 Being of sound mind & this 

 is my w last will & testament.

 I leave to my Wife Daphne 

 Craigen all p real & personal property.


 12-17-99 Dalton Craigen


Contentions of the Parties


 The parties stipulated "[t]hat Debbie and Daphne named in Dalton Craigen's will are
one and the same person." Brian Craigen and Sabrina Brumley, Craigen's adult children,
argue that the testator's intent under the will is "crystal clear - the testator left everything (all
of his real and personal property, his definition of 'everything') to his wife for as long as she
lived." According to Brian and Sabrina, the dominant provision of the will (the first
sentence) creates a life estate, and the will's third sentence can be harmonized with the will's
first sentence by construing the third sentence to define the property that Craigen intended
to include in his wife's life estate. Brian and Sabrina ask that we render a judgment in their
favor by holding that Daphne received only a life estate under Craigen's will.

 Daphne died on January 17, 2009. (1) Yvonne Christian, the independent administratrix
of Daphne's estate, argues we should affirm the trial court's judgment. According to
Christian, the will is not ambiguous as it reflects Craigen's intent to leave his entire estate
to Daphne.

Rules of Construction


 The rules involved in construing wills are well settled. "The primary object of inquiry
in interpreting a will is determining the intent of the testator." Gee v. Read, 606 S.W.2d 677,
680 (Tex. 1980). "The [testator's] intent must be drawn from the will, not the will from the
intent." Id. We ascertain intent from the language found within the four corners of the will. 
San Antonio Area Found. v. Lang, 35 S.W.3d 636, 639 (Tex. 2000). "In construing the will,
all its provisions should be looked to, for the purpose of ascertaining what the real intention
of the [testator] was; and, if this can be ascertained from the language of the instrument, then
any particular paragraph of the will which, considered alone, would indicate a contrary intent,
must yield to the intention manifested by the whole instrument." McMurray v. Stanley, 69
Tex. 227, 6 S.W. 412, 413 (1887). 

 When a will has been drafted by a layperson who is not shown to be familiar with the
technical meanings of certain words, courts do not place "'too great emphasis on the precise
meaning of the language used where the will is the product of one not familiar with legal
terms, or not trained in their use.'" Gilkey v. Chambers, 146 Tex. 355, 207 S.W.2d 70, 71
(1947) (quoting 69 C.J. Wills § 1120 (1934)). Instead, in arriving at the meaning intended
by the layman-testator, courts refer to the popular meaning of the words the testator chose
to use. Id. In summary, the testator's intent, as gathered from the will as a whole, prevails
against a technical meaning that might be given to certain words or phrases, unless the
testator intended to use the word or phrase in the technical sense. Id. 

 With respect to the creation of a life estate, no particular words are needed to create
a life estate, but the words used must clearly express the testator's intent to create a life
estate. Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 582 (1955). A very strong
presumption arises that when a person makes a will, the testator intended a complete
disposition of his property. "[T]he very purpose of a will is to make such provisions that the
testator will not die intestate." Gilkey, 207 S.W.2d at 73. When faced with ambiguity, and
in applying that presumption, courts generally interpret wills to avoid creating an intestacy. 
Id. 

 Texas law also favors the vesting of estates at the earliest possible period, and courts
will not construe a remainder as contingent when it can reasonably be taken as vested. 
Trimble v. Farmer, 157 Tex. 533, 305 S.W.2d 157, 160 (1957). When a will provides that
upon a certain contingency the estate given shall pass to another, "the law favors the first
taker and will construe the words of the will to grant to the first taker the greatest estate
which they, by a fair construction in harmony with the will as a whole, are capable of
passing." Darragh v. Barmore, 242 S.W. 714, 716 (Tex. Comm'n App. 1922, judgm't
adopted); see also Singleton v. Donalson, 117 S.W.3d 516, 518 (Tex. App.-Beaumont 2003,
pet. denied). 

 In reconciling different parts of a will, the Texas Supreme Court has explained:


 Where, however, the language of one part of a will is not easily reconciled
with that used in another, the principal and subordinate provisions should be
construed in their due relation to each other, and the intent which is disclosed
in the express clause ought to prevail over the language used in subsidiary
provisions, unless modified or controlled by the latter. And a clearly expressed
intention in one portion of the will will not yield to a doubtful construction in
any other portion of the instrument. 


Heller v. Heller, 114 Tex. 401, 269 S.W. 771, 774 (1925). 

Analysis


 A will is ambiguous if it is capable of more than one meaning. See El Paso Nat'l
Bank v. Shriners Hosp. for Crippled Children, 615 S.W.2d 184, 185 (Tex. 1981). Because
Debbie and Daphne are in fact the same person, the ambiguity in Craigen's will becomes
apparent. Why would Craigen in the first sentence grant his wife a life estate, but then in the
concluding sentences bestow upon her all of his property? The resolution of that question
by Craigen's children seems reasonable, as the last sentence could be construed to merely
describe the property that Craigen intended to include in Daphne's life estate. 

 On the other hand, Craigen did not mention his children in his will and he made no
provisions to expressly benefit them. Moreover, Brian and Sabrina's construction of
Craigen's will would, if adopted, allow all of Craigen's property to pass under the laws of
intestacy at Daphne's death. Brian and Sabrina's construction assumes that Craigen, when
writing his will, did not intend to completely dispose of his estate. The rule that Craigen did
not likely intend to create an intestacy favors the construction of the will that the trial court
adopted. See Gilkey, 207 S.W.2d at 73. 

 Brian and Sabrina contend that the will gave Daphne a life estate, but Craigen did not
utilize those exact words in his will. Although no particular words are needed to create a life
estate, the words used must clearly express the testator's intent to create one. See Guilliams,
279 S.W.2d at 582. In the absence of a remainderman clause, we are skeptical that Craigen
used the phrase "till she dies" in a technical sense to create a life estate. Instead, Craigen
likely intended to limit Daphne's use of his property; nevertheless, the will manifests an
intent that she have his property in fee simple absolute. Consequently, although the first
sentence in the will is susceptible to the interpretation that Craigen created a life estate, the
will becomes ambiguous when, in the will's third sentence, Craigen expressly names Daphne
as the beneficiary of all of his property and he makes no further provision for his estate upon
her death. 

 We conclude that the will is reasonably capable of more than one meaning; therefore,
we resort to the rules of construction that apply to ambiguous wills. In this case, with the
exception of the parties' stipulation, the record contains no additional evidence relevant to
Craigen's situation and the circumstances that existed when he executed his will. See
Stewart v. Selder, 473 S.W.2d 3, 7 (Tex. 1971) (in construing an ambiguous will, courts may
consider evidence of the testator's situation and the circumstances existing when the will was
executed). Therefore, we rely on the rules of construction that are used in interpreting
ambiguous wills to resolve the parties' dispute. 

 Craigen's will can be interpreted to avoid the intestacy certain to result under Brian
and Sabrina's construction of the will. The potential intestacy is avoided if the phrase "till
she dies" is interpreted as a conditional bequest. The third sentence then functions as
intended to give Daphne all of Craigen's property in fee simple. The immediate vesting
construction favors Daphne, the sole beneficiary named in Craigen's will. See Trimble, 305
S.W.2d at 160. It also affords the phrase "till she dies" a nontechnical meaning. See Gilkey,
207 S.W.2d at 71. 

 We decline to apply the presumption that Craigen did not intend to disinherit his
children when the will expressly states that Craigen gave all of his real and personal property
to Daphne and when Brian and Sabrina offered no evidence regarding Craigen's situation
and the circumstances surrounding the execution of the will. Taking the will as a whole, the
dominant gift is all of Craigen's real and personal property, and he made that gift to his wife. 
As this is the dominant clause, Craigen's expressed intention prevails. See Heller, 269 S.W.
at 774. 

 We hold that under the appropriate rules of will construction, the trial court correctly
construed the will. We overrule the issue and affirm the judgment.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on January 11, 2010

Opinion Delivered January 21, 2010

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Daphne's sister is the administratrix of her estate. The record does not contain any
additional information related to the probate of Daphne's estate or a copy of her will.