

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00273-CV

ANNETTE KNOPF AND STANLEY GRAY,

Appellants

v.

WILLIAM R. GRAY, KAREN A. GRAY
AND POLASEK FARMS, LLC,

Appellees

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 14-09-19619-CV**

## MEMORANDUM OPINION

Annette Knopf and Stanley Gray filed suit against William Robert (Bobby) Gray, Karen Gray, and Polasek Farms, L.L.C. for declaratory judgment relating to the parties' interest in real property devised pursuant to the will of Vada Allen. Appellants' also alleged Bobby Gray, as executor of the Allen will, breached his fiduciary duties owed to them as beneficiaries under the will. The trial court granted Polasek Farms' motion for

summary judgment. The trial court entered final judgment in favor of Polasek Farms and Bobby and Karen Gray. We affirm.

## Background Facts

Vada Wallace died on June 8, 1993, and her will was admitted to probate on November 9, 1993. The beginning of the will had four numbered paragraphs. The third paragraph stated, "I give all my estate to my son BOBBY GRAY." The fourth paragraph designated Bobby Gray as executor of the will. The will then contained three additional numbered paragraphs making specific bequests to her grandchildren Annette Knopf, Allison Kilway[1], and Stanley Gray. The will then had the following provision that is the basis of the dispute:

> NOW BOBBY I leave the rest to you, everything, certificates of deposit, land, cattle and machinery. Understand the land is not to be sold but passed on down to your children, ANNETTE KNOPF, ALLISON KILWAY, AND STANLEY GRAY, TAKE CARE OF IT AND TRY TO BE HAPPY.

Bobby Gray, individually and as Independent Executor of the Allen Will, and Karen Gray, transferred portions of the land referenced in the will to Polasek Farms by multiple deeds. Appellants Annette Knopf and Stanley Gray filed suit seeking a declaratory judgment that Bobby Gray held a life estate in the property and could not convey a fee simple interest to Polasek Farms. Polasek Farms filed a motion for summary judgment, and Appellants filed a cross-motion for summary judgment. The trial court

---

[1] Allison Kilway died in 2013.

granted Polasek Farms' motion for summary judgment and entered a final judgment. In the final judgment, the trial court found:

1. The Contested Provision of Mrs. Allen's will contains a disabling restraint.
2. The disabling restraint is void as a matter of law.
3. Defendant William Robert Gray was vested with a fee simple interest in the real property devised by the Contested Provision.
4. Plaintiffs received no remainder interest in the real property devised by the Contested Provision.
5. In as much as Plaintiffs' claim for Breach of Fiduciary Duty is dependent on this Court's holding that Plaintiffs were vested with a remainder interest, Defendant William Robert Gray did not breach a fiduciary duty.

The Court denies all relief not expressly granted in this judgment. This judgment finally disposes of all parties and claims and is appealable.

## Jurisdiction

We note that Bobby and Karen Gray did not file a motion for summary judgment, and the trial court's order granting Polasek Farms' motion for summary judgment does not reference Bobby and Karen Gray. The general rule, with a few exceptions, mostly statutory, is that an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *Id.* When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 205.

The trial court's final judgment clearly and unequivocally states that it finally disposes of all claims and parties. Therefore, the judgment is a final, appealable order, and this Court has jurisdiction to consider the appeal.

**Argument**

In the sole issue on appeal, Appellants argues that the trial court erred in finding that the Allen Will devised real property in fee simple to Bobby Gray and that Appellants hold no remainder interest. The Allen will states, "I leave the rest to you, everything, certificates of deposit, land, cattle and machinery." Appellants argue that the clause "Understand the land is not to be sold but passed on down to your children" creates a life estate in the land for Bobby with the remainder interest going to the children.

An estate in land that is conveyed or devised is a fee simple unless the estate is limited by express words or unless a lesser estate is conveyed or devised by construction or operation of law. TEX. PROP. CODE ANN. § 5.001 (a) (West 2014). The primary object of inquiry in interpreting a will is determining the intent of the testator. *Gee v. Read*, 606 S.W.2d 677, 680 (Tex.1980); *In re Estate of Craigen*, 305 S.W.3d 825, 827 (Tex.App.-Beaumont 2010, no pet.). The testator's intent must be drawn from the will, not the will from the intent. *Gee v. Read*, 606 S.W.2d at 680; *In re Estate of Craigen*, 305 S.W.3d at 827.

With respect to the creation of a life estate, no particular words are needed to create a life estate, but the words used must clearly express the testator's intent to create a life estate. *Guilliams v. Koonsman*, 154 Tex. 401, 279 S.W.2d 579, 582 (1955); *In re Estate of*

*Craigen*, 305 S.W.3d at 827. Mrs. Allen states in her will "I leave the rest to you, everything …" Mrs. Allen does not reference the life or death of Bobby. In a paragraph following the contested provision, Mrs. Allen leaves her niece a property and also "the right to stay at the Camp House anytime she wishes to. This is a lifetime privilege to her." Mrs. Allen specifically limited that bequest to the lifetime of her niece. She makes no such reference in the grant to Bobby to limit the bequest to his lifetime.

Mrs. Allen does not clearly express an intent to give Bobby a life estate in the property, and upon his death devise the property to her grandchildren. The language "Understand the land is not to be sold but passed on down to your children" is not a devise to the children from Mrs. Allen, but rather an instruction to Bobby to pass the land down to his children.

The Texas Supreme Court has used the definitions from the First Restatement of Property to identify whether an instrument contains a restraint on alienation. *See Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 633 S.W.2d 811, 813-15, n.1,2 (Tex.1982). The First Restatement of Property defines a restraint on alienation as:

> (1) A restraint on alienation, as that phrase is used in this Restatement, is an attempt by an otherwise effective conveyance or contract to cause a later conveyance
>
> (a) to be void; or
> (b) to impose contractual liability on the one who makes the later conveyance when such liability results from a breach of an agreement not to convey; or
> (c) to terminate or subject to termination all or part of the property interest conveyed.

(2) If a restraint on alienation is of the type described in Subsection (1), Clause (a), it is a disabling restraint.

(3) If a restraint on alienation is of the type described in Subsection (1), Clause (b), it is a promissory restraint.

(4) If a restraint on alienation is of the type described in Subsection (1), Clause (c), it is a forfeiture restraint.

The trial court found that the contested provision of the Allen Will contained a disabling restraint.

A general restraint on the power of alienation, when incorporated in a deed or will otherwise conveying a fee simple right to the property, is void. *Williams v. Williams*, 73 S.W.3d 376, 380 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Diamond v. Rotan*, 58 Tex.Civ.App. 263, 124 S.W. 196, 198 (Tex.Civ.App.--Texarkana 1910, writ ref'd). The contested provision grants Bobby a fee simple in the property, but restricts Bobby from selling the property, and instructs him to pass the property on to his children. Therefore, the contested provision is void as a disabling restraint. *See Loehr v. Kincannon*, 834 S.W.2d 445, 446-447 (Tex.App.-Houston [14th Dist.] 1992, no pet.).

Appellants argue that even if the language "understand the land is not to be sold" is void as a disabling restraint, the phrase "but passed on down to your children" creates a remainder interest in the children. There is nothing in the language used to clearly express that Mrs. Allen was making a gift to the children. The language used instructs Bobby to pass the land to the children. We find that the trial court did not err in finding

that the Allen Will devised real property in fee simple to Bobby Gray and that Appellants

hold no remainder interest. We overrule the sole issue.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed January 11, 2017
[CV06]

