In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00017-CV

_____

**FELIX KYLES FORD, Appellant**

**V.**

**MARTHA CONLEY, Appellee**

On Appeal from the 1st District Court
Jasper County, Texas
Trial Cause No. 34927

**MEMORANDUM OPINION**

Appellant Felix Kyles Ford appeals the trial court's judgment following a bench trial in his suit to partition land. In his sole appellate issue, Ford argues that the trial court's judgment determining that Ford and Martha Conley each own half of the land is not supported by legally and factually sufficient evidence. We affirm the trial court's judgment.

## BACKGROUND

Ford filed suit against Conley, seeking to have the trial court partition two tracts of land. Conley asserted a general denial, and the case proceeded to a bench trial. Ford is the son of Yvonne Calvit and the grandson of Geraldine Kyles and Walter Kyles. Conley is Geraldine and Walter's daughter and Ford's aunt. Ford testified that he began living with his grandparents when he was approximately three years old. Geraldine died on October 6, 2013, and her will was admitted to probate as a muniment of title after Walter's death. Walter died on November 24, 2014, and his will was admitted to probate. The wills were apparently prepared by Gary Gatlin, who handled the probates and also represented Ford at trial.

> With respect to the tracts at issue, Geraldine's will provided as follows:
>
> 1. I leave the homestead right in the home, being 1.00 acres and 5.00 acres described in the Deeds recorded in Vol. 150, Page 63 and Vol. 150, Page 147, which I share with my husband, Walter Kyles, to Walter Kyles. Upon my husband's death or should he predecease me, then I leave my interest in my home and ac[re]age in Jasper County, Texas to my grandson, Felix Kyles Ford. . . .
> 4. All remaining ac[re]age which I own, including the 1.00 acres in the Deed recorded in Vol. 150, Page 63; the 5.00 acres in Vol. 150, Page 147 [and four other tracts] . . . I leave to my grandson, Felix Kyles Ford.

The trial court heard evidence that the two tracts were where Geraldine and Walter built their home. As discussed above, Walter did not predecease Geraldine. Walter's will left Conley and Calvit each an undivided one-half of his interest in the subject

2

tracts. Calvit subsequently executed a deed conveying her interest in the tracts to Ford. At trial, Ford asserted that he owns three-fourths of the subject tracts: one-half that he inherited under Geraldine's will and one-fourth from the deed his mother executed. Conley testified that until Gatlin told her differently, she believed she and Yvonne each owned one of the tracts under their parents' wills, and a Houston attorney and her current attorney advised her that she owned one-half of the tracts. Conley testified that Gatlin prepared an "Executrix Special Warranty Deed" regarding the tracts for her signature. The "Executrix Special Warranty Deed" Conley signed conveyed a one-half interest in the tracts to Ford and a one-fourth interest to Calvit. By their arguments at trial, both parties seem to agree that the "Executrix Special Warranty Deed" does not govern ownership rights in the property.

## ANALYSIS

In his sole issue, Ford argues that the trial court's judgment partitioning the land by giving Ford one half and Conley one half is not supported by legally and factually sufficient evidence. We interpret Ford's issue as challenging the trial court's interpretation of Geraldine's will.

The "objective in construing a will is to discern and effectuate the testatrix's intent as reflected in the instrument as a whole." *Hysaw v. Dawkins*, 483 S.W.3d 1,

3

7 (Tex. 2016). We ascertain the testator's intent from the language within the four corners of the will. *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000). Courts "determine intent by construing the instrument holistically and by harmonizing any apparent conflicts or inconsistencies in the language." *Hysaw*, 483 S.W.3d at 4; *see In the Estate of Craigen*, 305 S.W.3d 825, 827 (Tex. App.— Beaumont 2010, no pet.). We must focus on the meaning of the words the testator actually used rather than speculating about what the testator may have intended to write. *Lang*, 35 S.W.3d at 639.

"We must presume that the testator placed nothing meaningless or superfluous in the instrument." *Steger v. Muenster Drilling Co., Inc.*, 134 S.W.3d 359, 372 (Tex. App.—Fort Worth 2003, pet. denied). "[A]pparent inconsistencies or contradictions must be harmonized, to the extent possible, by construing the document as a whole." *Hysaw*, 483 S.W.3d at 13; *see In the Estate of Craigen*, 305 S.W.3d at 827. "[A] latter clause in a will must be deemed to affirm, not to contradict, an earlier clause in the same will." *In re Estate of Slaughter*, 305 S.W.3d 804, 812 (Tex. App.— Texarkana 2010, no pet.) (citing *Steger*, 134 S.W.3d at 372). "When the testator's intention is clearly expressed in one part of a will, that intent 'should not yield to a doubtful construction of any other portion thereof.'" *Eisen v. Capital One, Nat'l Ass'n*, 232 S.W.3d 309, 313 (Tex. App.—Beaumont 2007, pet. denied) (quoting

4

*Taylor v. First Nat'l Bank of Wichita Falls*, 207 S.W.2d 428, 431 (Tex. Civ. App.—Fort Worth 1948, no writ)). "A construction which would render the decedent intestate as to any part of his estate is not favored." *McGill v. Johnson*, 799 S.W.2d 673, 676 (Tex. 1990).

A will is ambiguous when one of its terms is open to more than one meaning. *Lang*, 35 S.W.3d at 639. A will is not ambiguous simply because the parties put forth conflicting interpretations. *In re Estate of Reistino*, 333 S.W.3d 767, 769 (Tex. App.—Waco 2010, no pet.); *Steger*, 134 S.W.3d at 373. "[A] will is ambiguous only when the application of established rules of construction leave its terms susceptible to more than one reasonable meaning." *Steger*, 134 S.W.3d at 373. If the will is ambiguous, the court may consider extrinsic evidence. *See Sammons v. Elder*, 940 S.W.2d 276, 281 (Tex. App.—Waco 1997, writ denied).

A devise of property is presumed to be in fee simple absolute unless a lesser estate is created by the express terms used or by operation of law. Tex. Prop. Code Ann. § 5.001(a) (West 2014); *Cooley v. Williams*, 31 S.W.3d 810, 812 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Laborde v. First State Bank & Trust Co. of Rio Grande City*, 101 S.W.2d 389, 392 (Tex. Civ. App.—San Antonio 1936, writ ref'd). A fee simple absolute is an estate over which the owner has unlimited power of disposition in perpetuity, without condition or limitation. *Cooley*, 31 S.W.3d at 813.

5

A devise which clearly shows that the testator intended to give the devisee the right to possess, use, and enjoy the property during his life should be construed as a life estate. *See id.* "[N]o particular words are needed to create a life estate, but the words used must clearly express the testator's intent to create a life estate." *In the Estate of Craigen*, 305 S.W.3d at 827 (citing *Guilliams v. Koonsman*, 279 S.W.2d 579, 582 (1955)). The homestead right set forth in the Texas Constitution provides that a surviving spouse may occupy the homestead during the spouse's lifetime without it being partitioned to the heirs of the deceased spouse until the surviving spouse's death. Tex. Const. art. XVI, § 52.

By apportioning the property 50/50 between Ford and Conley, the trial court impliedly found that the devise to Walter in paragraph one of Geraldine's will was a fee simple absolute rather than a life estate. Examining the language of the entire will, as well as the language of paragraphs one and four, we cannot conclude that the trial court erred by so finding. We view Geraldine's will holistically, focusing on the meaning of the words she used, bearing in mind that we presume an intent to convey the greater estate, noting that an intention to create a life estate must be clearly stated, harmonizing paragraphs one and four, and assuming that paragraph four affirms rather than contradicts paragraph one. *See Hysaw*, 483 S.W.3d at 13; *Lang*, 35 S.W.3d at 639; *In re Estate of Slaughter*, 305 S.W.3d at 812; *In the Estate*

6

*of Craigen*, 305 S.W.3d at 827; *Eisen*, 232 S.W.3d at 313; *Cooley*, 31 S.W.3d at 812-13. We also consider that, under the Texas Constitution, Walter already possessed a homestead right in the tracts for the remainder of his lifetime. Tex. Const. art. XVI, § 52.

Applying these presumptions and rules of construction to Geraldine's will, we conclude that the trial court did not err by determining that paragraph one devised Geraldine's interest in the two tracts to Walter in fee simple absolute because Walter did not predecease Geraldine and Geraldine did not clearly indicate an intention to convey a life estate. *See* Tex. Prop. Code Ann. § 5.001(a); *Cooley*, 31 S.W.3d at 813; *Laborde*, 101 S.W.2d at 392. Because Geraldine's "homestead right" would not survive her death, and because we presume that nothing in the will is meaningless, Geraldine's use of the term "homestead right" must have been referring to her ownership interest in the tracts themselves, which testimony established were Geraldine and Walter's homestead. *See Steger*, 134 S.W.3d at 372; *see also generally* Tex. Const. art. XVI, § 52. We further conclude that the trial court did not err by harmonizing paragraph one of the will with paragraph four by concluding that Geraldine's intention in paragraph four was to dispose of "remaining acreage," not property that she had already devised to Walter unless he predeceased her. *See Hysaw*, 483 S.W.3d at 13; *In the Estate of Craigen*, 305 S.W.3d at 827. For all of

7

these reasons, we conclude that the trial court did not err in construing the interests conveyed to the parties under Geraldine's will and Walter's will and partitioning the land accordingly. We overrule Ford's sole issue and affirm the trial court's judgment.

      AFFIRMED.

_____
      STEVE McKEITHEN
      Chief Justice

Submitted on July 13, 2018
Opinion Delivered August 30, 2018

Before McKeithen, C.J., Horton and Johnson, JJ.

8